SEYMOUR SELLICK *vs.* HORATIO G. MUNSON.

ADDISON,
January,
1829.

That the plaintiff cannot recover the amount of a money pledge, till he has discharg-
ed the claim for which the pledge was made, though the defendant had neglected
and refused to pay the same at the time stipulated.

THE facts in this case sufficiently appear from the following
opinion of the Court, pronounced by

HUTCHINSON, J. This is the same action in which a new trial
was granted by this Court in January, 1826. (See the report of
that decision in 2d *Aik. Rep.* 150.) There has since been a
trial in the County Court, and a verdict for the defendant, and
exceptions taken by the plaintiff, and the cause again is brought
up on a motion for a new trial founded on those exceptions.—
The facts disclosed in these and the former exceptions are nearly
the same in general. In two particulars they are said to differ.
1st. The former exceptions state that any balance in the hands
of the defendant, Oct. 7, 1821, was, by the agreement of the parties,
to be applied by him in payment of those demands, on which he
had signed as surety for the plaintiff. The present exceptions,
in reference to the same balance, state, that the defendant promis-
ed he would, on said 7th day of October, pay the same to the
creditors, to whom he was so holden by signing in behalf of the
plaintiff. Upon comparing these expressions we discover no dif-
ference in their legal import. By each the defendant was bound
to the same thing.

The second difference contended for by the plaintiff's counsel
is, that the former exceptions state the defendant's neglect, mere-
ly, to perform that undertaking, while these now under consider-
ation state the same neglect, and superadd, that he, in the month
of February, 1822, declared to the plaintiff, that he never would
pay over said balance to said creditors as he had agreed. This
would be a very important distinction between the two cases, if
the whole transaction were confined to these parties only, and third
persons had no power over the defendant to compel payment.—
But that is not the case. The creditors, to whom the defendant
had signed, could sue him any day, and compel him to that pay-
ment, which, as relates to the plaintiff, he thus refused. And, the
property being originally placed in the hands of the defendant for
his indemnity against the notes he thus signed to the creditors of
the plaintiff, that liability must be taken away by the plaintiff, and
notice that it is so given the defendant, before the plaintiff can
call the pledge out of the defendant's hands. As the defendant was
holden to pay over the balance by a given time, to wit, Oct. 7th, his
neglect and refusal were alike improper ; but they equally left the

Addison,
January,
1829.

Sellick
vs.
Munson.

defendant liable to be sued by the creditors on the notes he had signed for the plaintiff. Under all the connected circumstances, therefore, of the case reported, and the same case, arising on the new exceptions, the rights and liabilities of these parties are the same in each case, and the decision in the Report may well govern the case now. But, if that decision were not known, we are all satisfied with the result to which we have arrived, which is, that the judgment of the County Court be affirmed.

*Mr. Bates*, for plaintiff.
*Mr. Phelps*, for defendant.

Note. After the above judgment was announced, Mr. Bates, for the plaintiff, made a formal written motion that the costs in this suit should be deducted from a larger sum in costs, decreed for said *Munson* to pay to said *Sellick*, in a suit in chancery decided in this court in 1828. The counsel for *Munson* objected on account of their lien upon the costs in this suit. The Court asked the plaintiff's counsel if they objected to the support of this lien, after the decision of *Chipman et al* vs. *Heart ?*— They answered they had none. The costs were then taxed ; the amount of the lien ascertained and deducted, and the remainder directed to be offset against so much of the cost *Sellick* had recovered in the Chancery suit.