## SOWLES *v.* WITTERS *et al.*

(*Circuit Court, D. Vermont.* November 9, 1889.)

**JUDGMENT—MUTUAL JUDGMENTS—SET-OFF.**

Where complainant has a decree in equity that defendant pay her dividends on stock held by her, and defendant has against complainant an unsatisfied judgment at law for an assessment on said stock, the court, on motion, will order the amounts to be paid under the decree applied on the judgment, though the judgment was at a former term, and complainant intends to appeal therefrom.

In Equity. Motion to set off decree in equity against a judgment at law obtained at a former term by defendant against complainant.

*Kittredge Haskins,* for oratrix.

*Chester W. Witters, pro se.*

*Edward A. Sowles, pro se.*

WHEELER, J. The oratrix has an order for a decree that she is a creditor of the First National Bank of St. Albans to the amount of $26,034.75, and that the defendant pay her dividends thereon. *Sowles* v. *Witters,* 39 Fed. Rep. 403. The records of this court show that the defendant has an unsatisfied judgment against her for an assessment upon her stock in the same bank. *Witters* v. *Sowles,* 38 Fed. Rep. 700. The defendant moves, on settlement of the decree, that the amounts to be paid to her be decreed to be applied on the judgment against her, instead of paid to her in money. The oratrix objects because the judgment was at a former term and at law, and because she intends to prosecute a writ of error and an appeal from the judgment and decree. The decree would not disturb the judgment of the former term, but only satisfy it so far; and the judgment is in this court, although on the law side, and can be found by mere inspection of the record without trial. A court may always inspect its own records to ascertain what is there, although it may not have power, after the terms, to alter judgments and decrees shown by them. The writ of error does not vacate the judgment, and cannot now operate as a *supersedeas.* If the judgment is enforced, she will pay its amount to the defendant; if the decree is enforced, he will pay the amount of these dividends to her. The receipts and payments are in the same right in each behalf. Circuity will be avoided, and the judgment and decree be both carried out, by making the decree for the application of the dividends upon the judgment. The power of the court to so frame its decree as to make this set-off seems to be ample. *Conable* v. *Bucklin,* 2 Aikens, 221; *Rix* v. *Nevins,* 26 Vt. 384; *Sellick* v. *Munson,* 2 Vt. 13. Let the decree be so drawn and entered.