## RUFUS CONABLE vs. JAMES BUCKLIN.

*Dictum*—Costs in different suits, and recovered before different courts, between the same parties, may, on motion, be offset in a court of law. So, where the costs arose between different parties on the record, if the real parties in interest are the same. And this depends not on the statutes of offsets, but on the general jurisdiction of the court over the suitors in it. All applications of this nature, however, are to be considered as addressed to the discretion of the court, and are to be allowed only where the set-off is justified by the equity of the case, and on such terms as justice may require:

But, *Held*, that in as much as costs in *chancery* do not necessarily follow suit, there must be not only a decree in *favour* of the party, but there must also be an express order or decree for his costs, or they are lost, and cannot be afterwards taxed and made the subject of an offset in a court of law:

THIS action was brought on the covenants contained in a deed, executed by the defendant to *Rufus Conable*. The covenants having been assigned to *William Stark*, the action was instituted and prosecuted for his benefit, as assignee. The defendant in the first instance, pleaded in bar of the action, a release of the covenants from *Conable*. *Stark*, the assignee, exhibited his bill in chancery, to set aside the release, on the ground that it had been fraudulently obtained, after notice of the assignment, and obtained a decree in his favour. The defendant then obtained leave to plead anew in this action, and on other plea and other grounds recovered judgment for his costs. A rule was obtained upon the defendant, to show cause why the costs of the suit in equity should not be set off against the costs recovered in this action.

*Everett*, for the defendant, now showed cause, and insisted,

1. That costs in chancery cannot be offset against costs accruing in a court of law.

2. That no offset can be made between others than parties to the suit.

3. That an identity of interest in the present case is not shown.

4. That it appears from the record of the suit in chancery, that there was no decree for costs.

5. That the plaintiff had no cause of action, and ought therefore to have had no costs in chancery.

*Hubbard*, contra, cited *Emden* vs. *Darby*, 1 *N. R.* 22.—*Hall* vs. *Ody*, 2 *Bos. & Pul.* 28.—6 *Jac. L. Dic.* 67.—*Ham. Dig.* 582–3.

PRENTISS, J. delivered the following opinion of the Court.

Whatever doubts may have been once entertained on the subject, it seems to have been settled for half a century at least, that the courts of common law have an equitable jurisdiction, independent of the statute, in cases of set-off, and that opposite demands, arising upon judgments, may, upon motion, be set off against each other, whenever such set-off is equitable. (*Mills* vs. *Crabb*, *Bull. N. P.* 336.—*Roberts* vs. *Briggs*, *Barnes*, 146.— *Barnes* vs. *Crafter*, 2 *W. Blac.* 826.—*Barker* vs. *Braham*, 2 *W. Blac.* 896.—*Mitchell* vs. *Oldfield*, 4 *T. R.* 123.—*O'Conner* vs. *Murphy*, 1 *H. Blac.* 657.—*Hall* vs. *Ody*, 2 *Boss. & Pull.* 28.— *Glaister* vs. *Hewer*, 8 *T. R.* 69.) In *Mitchell* vs. *Oldfield*, Lord

HARVARD LAW SCHOOL LIBRARY.

Windham,
February,
1826.

Conable
vs.
Bucklin.

*Kenyon* said, that it did not depend on the statutes of set-off, but on the general jurisdiction of the court over the suitors in it; that it was an equitable part of this jurisdiction, and had been frequently exercised. And the authority of the court is not confined to judgments in the same court, but extends equally to the case where the judgment asked to be set off, is recovered in a different court. In *Barker* vs. *Braham*, the plaintiff recoved judgment in the common pleas against the defendant, who had recovered judgment in another action, in the King's bench against the plaintiff. On a motion by the defendant, that the judgment might be set off against each other, *De Grey*, ch. J. said he was for allowing the motion, but desired it might be remembered, that it was the case of one judgment against another, and must be distinguished from setting off of private debts, upon which no judgment had been obtained. In *Hall* vs. *Ody*, it was objected, that the judgment moved to be set off being recovered in the King's bench, and so in another court, the set-off could not be allowed, but the court overruled the objection, saying that a set-off had been allowed between costs in a court of equity, and costs in a court of law. In this state, it is provided by statute, "that when there are mutual judgments recovered between the same parties in any court, such court may, on motion of either party, offset such judgments against each other, and execution shall issue for the balance only." (*Comp. stat. ch.* 7, *No.* 1, *sec.* 86.) But this provision, being merely affirmative, as far as it goes, of the power previously possessed by the court, and containing no negative, express or implied, is not to be construed to abridge the equitable jurisdiction of the court, or to prohibit a set-off in any case, authorized by the usage and practice of the courts of common law. Where the judgments are in different courts, or the demands arising upon them are not strictly mutual, it may be reasonable, and indeed, justice may often require, that they should be set off against each other. A judgment recovered by the defendant, after the commencement of the plaintiff's action, although on a cause of action previously existing, cannot be pleaded as a set-off in that action; (*Evans* vs. *Prosser*, 3 *T. R.* 186 overruling *Reynolds* vs. *Beering*, *Doug.* 112, *n.*) yet there may be the strongest equity to set it off against the judgment, which the plaintiff may recover in such action, although the judgments are not in the same court. If a judgment is recovered against several defendants, and one of the defendants recovers judgment in a cross action against the plaintiff in the original suit, justice may require, especially if the plaintiff in the original suit is insolvent, that the latter judgment should be set off against the former, as was done in the case of *Roberts* vs. *Briggs*. So, circumstances may render it equitable, that the amount of a judgment due the defendant from the plaintiff and another, should be set off against a judgment recovered by the plaintiff against the defendant, as was allowed in *Mitchell* vs. *Oldfield*. A judgment against several persons, is a debt due from each, and may be enforced against each; and in the cases

mentioned, the respective debts were equitably paid, by setting off one against the other, without doing injustice to either party. By the exercise of this equitable jurisciction, the court are enabled, in a cheap, expeditious, and convenient mode, to do justice between parties in cases, which may not come strictly within the provisions of the statute. All applications of this nature, however, are to be considered as addressed to the discretion of the court, and are to be allowed only where the set-off is justified by the equity of the case, and on such terms as justice may require. Thus it is the settled practice of the court of King's bench, that the attorney's lien upon the judgment of his client, shall, upon his application, be first satisfied, before the opposite party is permitted to set off any judgment which he has obtained. The rule appears to be otherwise in the common pleas; but Lord *Eldon* observed in *Hall* vs. *Ody*, that the rule stood in contradiction to the practice of every other court, as well as to the principles of justice. It seems reasonable that the attorney's lien should be first satisfied, and unless it is, that, as well as any other equitable circumstance, may be sufficient to prevent the interference of the court. If payment of the judgment asked to be set off is set up, and becomes a questionable fact, the court probably would not determine it in this summary way.

It is urged as an objection to the set-off in the present case, that *Stark* is not a party on the record in this action. This objection appears to be obviated by the principle settled in the case of *O'Conner* vs. *Murphy*. *Murphy*, who recovered judgment for his costs in that action, had brought an action of trover against one *O'Laughlin* for a ship, which was the property of *O'Conner*, and of which *O'Laughlin* was master. The latter action was defended at the expense of *O'Conner*, and judgment was given in it for the defendant for his costs. A motion being made to set off the judgment in the two actions, Lord *Loughborough* said, that *O'Conner* was equitably entitled to the costs in the action against *O'Laughlin*, and the set-off was allowed. This case decides, that a person who is equitably entitled to a judgment, may set off such judgment, though his name is not on the record; and upon the same principle, a party may set off a judgment in his favour, against a judgment recovered by the defendant in a suit, in which he was the real, though not the nominal plaintiff. This action was prosecuted in the name of the plaintiff on the record, as the trustee of *Stark*, and at his expense and for his benefit; and the costs recovered by the defendant, though the judgment is in form against another person, and in reality and in substance a debt against *Stark*, and belong to him to pay. Viewed in this light, and considering that the suit in equity was brought to protect his right, and in aid of the action at law, the objection cannot prevail.

But on inspecting the files and records in the suit in equity, although it appears that *Stark* obtained a decree in his favour, there does not appear to be any order or award for costs. It is insisted, however, that the costs follow of course, without any

*Windham,*
*February,*
*1827.*

*Conable*
*vs:*
*Bucklin.*

order, and may now be allowed and taxed.   It is true, that Lord *Eldon* has frequently expressed his regret that the costs did not follow the event of the cause.   In *Vancouver* vs. *Bliss,* 11 *Ves.* 462, he observed, that it would be a most satisfactory doctrine, if he was at liberty to say, that in every species of suit, the rule that prevails universally at law, that the costs shall abide the event, was established in equity.   And in *Staines* vs. *Morris,* 18 *Ves.* 16, he said it was in many cases hard that costs should follow the event of a cause; yet all his experience had persuaded him, that it was much to be wished that the course of the court was so.   It seems, however, to be established, that costs do not always follow the event of the cause, but are awarded or not, according to the justice of the case, in the sound discretion of the court.   To determine the question of costs, therefore, if we were at liberty to enter into it on a motion addressed to us in chancery, it would be necessary to investigate the whole merits, and consider all the circumstances of the case.   But it appears to be settled, that if a final decree is silent as to costs, they cannot be granted on a subsequent application, unless there is a rehearing on the merits. (*Herle* vs. *Greenbank,* 1 *Dick.* 370.—*Travis* vs. *Waters,* 1 *Johns. Ch. R.* 85.)   In all cases, costs must be expressly awarded, or they are lost.   As there appears to be no award of costs in the suit in equity, against the defendant, there is no ground for the present application, and the rule must be discharged.

Rule discharged.

*J. H. Hubbard,* for the plaintiff.

*H. Everett,* for the defendant.