Rix, Admr. *v.* Nevins.

---

### LEVI RIX, ADMR. OF E. RIX *v.* EDWARD P. NEVINS.

*Administrators.   Judgments of different courts, when mutual in their character, may be offset in the discretion of the court.*

Claims allowed by commissioners on the estates of deceased persons, are treated as judgments, except that they cannot be enforced by the final process of execution.

Judgments recovered in different courts, which are mutual in their character, may on motion be set off, one against the other; but the judgments not being in the same courts, the set off cannot be directed under the provisions of the statute, but the power to make the set off is derived from the equitable powers of the

Rix, Admr. *v.* Nevins.

court, which the court exercise independently of the statute, and from the general jurisdiction of the court over the suitors in it; the application therefore must be addressed to the discretion of the court.

Where an administrator parts with the property or the money of the intestate, and takes a note for the same, he becomes personally liable, and a debtor to the estate of his intestate, and may therefore hold the note as his own.

And when the plaintiff, as administrator of the estate of R., commenced a suit upon certain notes, which R. in his life time had taken of the defendant, as administrator of the estate of L., (of which estate the plaintiff was also administrator *de bonis non*,) and obtained judgment against the defendant on the same; and the defendant filed his motion to be allowed, in offset to said judgment, a judgment of commissioners on the estate of said R., in his favor—*Held*—that the plaintiff having thus treated the claim against defendant as assets, and as the property of the estate of R., the same is subjected to every legal and equitable offset, which the defendant has against R. or his estate. And the judgments having thus been rendered mutual in their character, by the acts of the parties, the offset was allowed.

ASSUMPSIT on two promissory notes, for $80, each, the first note dated at " Royalton, September 27, 1851 ;" the second note dated " Royalton, October 31, 1851 ;" and both notes were made payable to " Elisha Rix, Admr. of Geo. S. Lee's estate, or order."

After judgment for the plaintiff, for the amount of said notes, the defendant filed his motion in writing, to be allowed, in offset to said judgment, a judgment of the commissioners on the estate of said Elisha Rix, in favor of the defendant.

To the allowance of this motion, the plaintiff objected, and showed the court, that Elisha Rix was the administrator of George S. Lee, deceased, and took said notes of the defendant, as such administrator, as appears from said notes ; that said Elisha Rix died insolvent, and that Levi Rix became administrator on the estate of said Elisha Rix, and also administrator *de bonis non* of the estate of the said George S. Lee ; and the plaintiff claimed the right to pursue and collect said notes of the defendant, as assets, or effects, belonging to the estate of the said George S. Lee.

The defendant offered testimony to prove the following facts ; (to the admission of which the plaintiff objected, on the ground that the testimony tendered to contradict the said notes;) but the court admitted the testimony, which tended to prove, that at the date of said notes, said Elisha Rix was indebted to the defendant, on notes and on account, in his private and personal capacity, and that he delivered the defendant the amount of money in said notes,

now sued by the plaintiff, in payment of said notes and account due the defendant, and that the same was to apply thereon; and that said Elisha Rix then said, he wanted the two notes, described in the declaration, given to him in the way they were, merely as a memorandum, for his own accommodation in his own business, and that they were accordingly so given.

It also appeared, that soon after the decease of said Elisha Rix this action was commenced, and that afterwards the defendant presented his said notes and accounts against the said Elisha Rix, to the commissioners on the estate of said Elisha, and that the same were allowed, and the return of said commissioners was duly accepted, by the probate court.

The County Court, December Term, 1853,—COLLAMER, J., presiding,—allowed the defendant the offset prayed for in his said motion against the plaintiff's damages only, and ordered, that, for his costs, the plaintiff have execution, and that the balance due defendant, be certified to the probate court.

To the decision of the court, admitting said testimony, and allowing said offset, the plaintiff excepted.

*Washburn & Marsh* for plaintiff.

The set off should not have been allowed.

This is an application for the exercise of *equitable powers* of the court; its allowance is not a technical *act of discretion*, not open for revision, but is governed by fixed rules, within which the case must be brought, or the set off must be denied.

And the most important of these rules, and the one applicable to this case, is, that the set off will be denied, *whenever its allowance will injuriously affect the rights of third persons, not nominal parties of record.* *Conable* v. *Bucklin*, 2 Aik. 221. *Makepeace* v. *Coates*, 8 Mass. 451. *Holmes* v. *Robinson*, 4 Ham. 90. *Satterlee* v. *Ten Eyck*, 7 Cow. 480. *Snow* v. *Conant*, 8 Vt. 308. *Hewitt* v. *Pigott*, 8 Bing. 61. It is the same rule, under which courts of law protect the rights of the assignee of a *chose* in action.

Here the case shows that Elisha Rix was administrator of George S. Lee's estate, and took said notes of the defendant *as such administrator;* the notes show, upon their face, *the interest of the estate;* and *notice to the defendant* of this interest, is proved by their form, as well as by his own testimony. And that those in-

terested in the estate of Lee will suffer injury, by holding the notes to have become absolutely the property of Elisha Rix, is proved by the fact of the *insolvency* of his estate.

But the notes did not, *as against the heirs of Lee's estate,* become the property of Elisha Rix. They were yet *equitably,* assets of the estate, even if it be true, that they could be sued only in the name of Elisha Rix, or his administrator. *Harbin b. Levi,* 6 Ala. 399. *Baxter* v. *Buck,* 10 Vt. 548. *Adams* v. *Campbell,* 4 Vt. 447. *Wheelock* v. *Wheelock,* 5 Vt. 439.

The plaintiff, under the rule adopted in this state, might have sustained this suit as administrator *de bonis non* of George S. Lee, as well as in his character of administrator of Elisha Rix. In *R. & B. Railroad Co.* v. *Cole,* 24 Vt. 39, the plaintiffs were allowed to recover upon a note payable to " *Samuel Henshaw, Treasurer, &c.,*" and it was said by the court to be now the settled law of this state, that the person beneficially interested may sue upon simple contract; and that the case of *Arlington* v. *Hinds,* 1 D. Chip. 431, puts promissory notes on the same ground.

It was the duty of the administrator to loan the money, *so that it might draw interest;* and his omission to do so would have made him chargeable for the interest, which might have been obtained. *Admr. of Eames* v. *Crs. of Eames,* 4 Vt. 264.

There is no difference, in principle, between the case of a promissory note made payable to the administrator, and a judgment recovered by him as such. They are each new contracts, which, at common law, must be enforced in his name, and not as administrator. And the statute of this state, (Comp. Stat. Chapt. 50 § 16,) which authorizes the administrator *de bonis non* to enforce such judgments, shows the policy of the law. The rule of decision in this state, based upon the decision in *Arlington* v. *Hinds,* renders such a statute unnecessary in the case of notes.

*J. S. Marcy* for defendant.

The plaintiff sues in the capacity of administrator of Elisha Rix, and not as administrator *de bonis non* of Lee's estate. This was proper, only because the demands sued were Elisha Rix's own contracts and property.

Elisha Rix had not only the legal interest, but the entire and exclusive ownership of the notes; Lee could not by any legal pos-

sibility ever have had any title to, or interest in them. They were not in existence until he ceased to exist, and it follows that his heirs or creditors could have no interest in them.

If it were apparent, that property or money belonging to Lee's estate was the consideration of the notes, it would by no means follow that the notes were assets, indeed they could not be ; they are contracts between Elisha Rix and the defendant; and if the consideration was the property of Lee's estate, Elisha Rix, and his bail after him, is liable to Lee's estate for the same. Elisha Rix had fully administered on that property, the moment he exchanged it for the notes, if he did so, and became accountable to the estate for it, at all events ; he could not receive notes for it, at the risk of the estate. That was not within his fiduciary authority. Can an administrator *virtute officii* trafic in the assets, on account of, and at the hazard of the heirs or creditors of the estate ? If not, securities taken on the sale of them cannot be assets. Then Elisha Rix became accountable to Lee's estate, for the money or property exchanged for the notes, and it is preposterous to say that the estate owns the notes. *Nason* v. *Potter,* 6 Vt. 28. Hammond on Parties 115, 1 U. S. Dig. 804 § 314, 315, refers to 3 Iredell's North Carolina Rep. 268. *Higler* v. *Smith,* 1 D. Chip. 409. *Exr. of Bolton* v. *Admr. of Martin,* Brayton 108. *Wheelock* v. *Wheelock,* 5 Vt. 439. 2 U. S. Dig. 763 § 137—refers to 7 Missouri Rep. 351.

In the case of *Arlington* v. *Hinds,* 1 D. Chip. 431, it is held that courts of common law have, independent of statutes, equitable jurisdiction to offset judgments ; and the offset, in the present case, was properly made under the motion.

An application, to offset judgments, is addressed to the discretion of the court, and their decision cannot be revised by the upper court, except in cases where it operates flagrant injustice. 2 Aik. 225.

That the judgment offset was rendered after this suit was brought, is no objection against offset on motion, though it might be, upon plea. It was predicated and rendered on pre-existing debts, and does not extinguish the debts, but renders their justness more certain. 2 U. S. Dig. 758 § 21. *Conable* v. *Bucklin,* 2 Aik. 221.

Debts *accruing after action brought* may be offset. 3 U. S. Dig.

425 § 235; and so may a note against an insolvent intestate, *becoming due* after action brought by the administrator. 2 U. S. Dig. 762 § 125.

(Those parts of the plaintiff's and defendant's brief, touching the admissibility of the testimony, are omitted, as the court do not pass upon that question.)

The opinion of the court was delivered by

ISHAM, J. The judgment in this case was rendered on two promissory notes, payable to Elisha Rix as administrator of the estate of George S. Lee. Elisha Rix has deceased, and the plaintiff is the administrator *de bonis non* of the estate of George S. Lee, and the administrator also, of the estate of Elisha Rix; and as administrator of Elisha Rix, has prosecuted these notes, and recovered this judgment; thus treating them as assets, and. as the property of that estate. The notes are merged in the judgment, and the defendant is now indebted upon that matter, only to the estate of Elisha Rix.

The defendant has a ·claim against the estate of Elisha Rix, which was allowed to him by the commissioners on that estate, and which is perfected as a judgment, by being allowed and recorded in the probate court. Claims of that character are treated as judgments, except they cannot be enforced by the final process of execution. These judgments are therefore mutual in their character, and if they were judgments in the same court, the set off of one judgment against the other would be a matter of legal duty, as well as of equitable right. Comp. Stat. 283 § 12. The judgments, not being in the same court, an offset cannot be directed under the provisions of the statute. It is, therefore, to the equitable power of this court, which it exercises independently of the statute, that this application is made. The power to direct such an offset, and the duty ' of the court so to do, as a general rule, has not been questioned. It is fully sustained and enforced by the case of *Conable* v. *Bucklin*, 2 Aik. 221.

As these judgments are mutual, and as an offset would be a matter of right, if they were judgments in the same court, it would seem to be a duty equally as imperative and equitable, to exercise that power on this application, that it would be if they were judgments in the same court; for surely, the equity is the same, when

the judgments are in different courts, that it is when they are in the same court. In making an offset of these judgments, the defendant has only secured to him a right, the exercise of which is prevented, for the want of an opportunity to plead the judgment in offset, and of which the plaintiff may deprive the defendant by enforcing payment of his judgment by execution, unless a power of this kind is exercised. In cases of that character, it has been observed, "that the power of setting off judgments, not only of "the same, but of different courts, does not depend upon the "statute of offsets, but upon the general jurisdiction of the court "over its suitors, and that it is an equitable jurisdiction, and fre-"quently exercised." *Simpson* v. *Hart*, 1 Johns. Ch. 91. Montague on set off, 7. *Baker* v. *Braham*, 2 Black. R. 869.

It is insisted, that this application should not be allowed, as it may unjustly effect the estate of George S. Lee, and divert therefrom the amount of these notes, which were given, and should be held as assets of that estate. It would seem, from the face of the notes, that their consideration proceeded from the estate of George S. Lee, and they undoubtedly would be evidence of that fact, as between the estate of George S. Lee and Elisha Rix as administrator on his estate. It is upon this consideration alone, that Elisha Rix in his life time could have sustained an action on these notes as administrator. This he might have done, and for the same reason, the plaintiff, as the administrator *de bonis non* on the estate of George S. Lee, might have prosecuted these notes, "for where "the cause of action is such, that the first administrator may sue "in his representative capacity, the right of action devolves upon "the administrator *de bonis non* of the intestate." This seems to be the doctrine as settled by later authorities, though the rule, formerly, was held otherwise. *Catherwood* v. *Chabald*, 1 Barn. & Cress. 150. *Partidge* v. *Court*, 5 Price 412. But while these notes could have been prosecuted by Elisha Rix as administrator, in his life time, and by the plaintiff as administrator *de bonis non* on the estate of George S. Lee, it was nevertheless competent for Elisha Rix during his life, to consider himself the debtor of that estate for the amount of the notes, and to hold the notes as his own. That liability was imposed upon him, and which he assumed when he parted with the property, or money of the estate of George S. Lee, and took these notes. From that time, he was the debtor

to the estate of George S. Lee, to the amount of those notes. In consequence of that indebtedness, he might have held the notes as his own. He could have indorsed them, and thereby have transferred the legal and equitable interest in them to his indorsee, free from any equity, which the estate of George S. Lee might have in the notes. He could have prosecuted them in his own name, and right, and recovered the amount for his own use. These principles are in conformity with the early decisions on this subject, and they are recognized as existing principles by late authorities. In the case from the 1 Barn. & Cress. 150, ABBOTT, Ch. J., observed : "that there may be cases, where the administrator of an "administrator *might and ought to sue,* viz, if the first administra-"tor had made *himself debtor* to the intestate's estate, for the *amount* "*of a bill,* received in payment of a debt due to that estate ;"—and BEST, J., observed, "that this observation may serve to reconcile "the various cases which have been referred to." If Elisha Rix, during his life, had commenced a suit on these notes in his own name and right, he would not have been a mere nominal party on the record, nor would he have been prosecuting the notes as trustee, having the estate of George S. Lee, as *cestui que trust ;* but he would have stood as the holder and owner of the notes, having, in consequence of his indebtedness to the estate of George S. Lee, for their amount, the legal, equitable and beneficial interest in them ; and the estate of George S. Lee, for the payment of their claim, must look to the estate of Elisha Rix and his administration bond. If Elisha Rix could have sustained an action on these notes in his own name and right, the plaintiff as his administrator, can prosecute them in the same right, for he succeeds to all the rights which the intestate had. In the commencement of this suit by the plaintiff as administrator of Elisha Rix, and in its prosecution to final judgment, he has treated this claim as assets, and as the property of the estate of Elisha Rix, and subjected the same to every legal and equitable offset, which the defendant has against him or his estate. Under these circumstances, it is not for this plaintiff, as administrator *de bonis non* on the estate of George S. Lee, to object, nor for this court to refer the offset of one judgment against the other, where they are rendered mutual in their character, by the act of the parties, to the same extent as if they were judgments in the same court.

It becomes unnecessary to say anything in relation to the admissibility of the parol testimony offered and admitted by the court; for if the testimony is admissible, the equity, in the offset of these judgments, is apparent. If the testimony is held inadmissible, in the view we have taken of the case, it will not alter the result.

The judgment of the County Court, allowing the offset, must be affirmed.