CASE 65—OCTOBER 4.

# Oldham vs. Brannon.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A petition in the names of payee of a note, and another to whom it passed by delivery, as co-plaintiffs, distinctly stated that the note was the property of the latter, and prayed judgment in his favor alone. Judgment was entered in favor of both plaintiffs jointly. *Held*—That it is a clerical misprision, which the court has power to correct by modification of the judgment, after the expiration of the term at which it was rendered, upon proper motion and notice, although execution has issued and been replevied by the defendant.

2. In such case, when it is made to appear by the defendant on the trial of the motion to correct the judgment that he has paid the debt to the payee of the note who claimed the right to it, such payee is a necessary party to the motion, and should have notice and an opportunity of asserting and establishing his rights; and if successful, the defendant will be protected in his payment to him; otherwise the judgment will be corrected.

A. M. STOUT, for appellant, cited 2 *Marsh.*, 374; 2 *B. Mon.*, 37; *Ib.*, 303; *Civil Code, sec.* 580.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

John McLean and James W. Brannon (the appellee) were partners, and transacted their business as such in the firm name of McLean & Co. In that name they executed to Miles W. Smith the promissory note which is the foundation of this action. The suit was brought in the names of Oldham (the appellant) and Smith, the payee of the note, as co-plaintiffs, against McLean & Brannon.

Amongst other matters, it is alleged in the petition that said note was sold and transferred by delivery by the payee to Charles Brown, and that it was sold by Brown, and transferred by indorsement upon the back of the note to the appellant; that the debt remains unpaid, and that it belongs wholly to the plaintiff, Oldham. The petition concludes with a prayer for judgment in favor of Oldham only.

Brannon alone having been summoned to answer the action, and having made default, judgment was rendered against him. Notwithstanding it was distinctly alleged in the petition that

Oldham was the sole and exclusive owner of the debt, and the prayer of the petition was for a judgment in his favor alone, the clerk entered a judgment in favor of Oldham and Smith jointly.   An execution was issued on this judgment in the name of the two plaintiffs, which was replevied by the appellee, the bond being made payable jointly to both of the plaintiffs in the execution, and upon this bond an execution was issued similar to the first as to plaintiffs.

The last execution was returned by the sheriff unlevied, and unsatisfied by any act of his, because of the production to him of a receipt given by Smith to appellee, stating that the debt had been settled.

A motion was then made in the circuit court, upon notice to appellee, to correct the mistake which had been made in rendering the judgment in favor of both the plaintiffs jointly, when it should have been in favor of Oldham alone.

Brannon resisted the motion, and in an affidavit filed by him disclosed the fact that in January, 1858, before the judgment was rendered in the action, he had received a notice in writing from Smith that the debt belonged to him, and no one else, and forbidding payment thereof to any person other than himself. It was also stated in the affidavit that Brannon had settled the debt with Smith; and upon the trial of the motion it was agreed that Smith, in December, 1858, had received from Brannon horses in satisfaction of the debt.   The motion made by Oldham for the correction aforesaid was overruled, and this appeal is prosecuted to obtain a reversal of that order of the circuit court.

The first question presented is, was there a clerical misprision in entering the judgment, which the court had the power to correct by a modification of the judgment, after the expiration of the term at which it was rendered ?

By section 579 of the Civil Code power is given to "the court in which a final judgment or order has been rendered or made," "after the expiration of the term, to vacate or modify such judgment or order," for the various causes enumerated in the different sub-divisions of the section.   Amongst these causes, misprisions of the clerk will be found mentioned in the third sub-division.

The fact that the note sued on was wholly the property of the plaintiff, Oldham, was very distinctly stated in the petition, and judgment in his favor only was asked for. Although the legal title to the note was not vested in him, yet, as he was the owner thereof, and, therefore, the real party in interest, it was required imperatively by the Code of Practice (*sec.* 30) that the action should be brought in his name as plaintiff. The payee of the note, never having been divested of the legal title, was also a proper party, and was properly united as a co-plaintiff. (*Carpenter vs. Miles,* 17 *B. Mon.,* 603.)

But the object in uniting the payee was not to obtain a judgment in his name, but to divest him of the naked legal title which he held, and have the judgment rendered in the name of the party really entitled to the debt. It cannot be presumed, in view of the facts and of the requisitions of the law, that the court, in rendering the judgment, intended that it should be in favor of both the plaintiffs. We ought rather to conclude that it was by the mistake or misprision of the clerk that it was so entered. And if there is enough in the record to amend by—if, in the language of Bacon, the judgment itself may be set right and amended by another part of the record, in a fact which appears to be the misprision or neglect of the clerk—it should have been so amended upon motion and notice as required by the Code. (*Bacon's Abridgment, vol.* 1, *title Amendment; Berry vs. Triplett's heirs,* 2 *Marshall,* 61; *Bowman vs. Green,* 6 *Monroe,* 341, *and other more modern cases in our books of reported cases.*)

The second question presented is, did the affidavit of Brannon and the facts as presented in the bill of exceptions, furnish any sufficient ground upon which to overrule the motion for the amendment?

This question, it seems to us, must be answered in the negative.

Brannon was duly summoned to answer the petition. He was made regularly and in the legal mode a party defendant to the action. He is, therefore, presumed to know all that is in the record.

He knew, then, that the debt was not the property of Smith, but of Oldham; and that the latter only was entitled to receive

satisfaction of the judgment, notwithstanding it had been, by mistake, entered in favor of both plaintiffs.

The notice, which was given him by Smith, that the debt was his, before judgment was obtained, does not of itself justify Brannon in the payment of the debt to Smith. The most that can be said of it is, that it should have put Brannon upon his guard, and have induced him to make inquiry as to who was the owner of the debt and the real party in interest.

Unless it is shown that Smith, and not Oldham, was entitled to the debt, Brannon should not be protected in this payment.

But by section 580 of the Civil Code, " the proceedings to correct misprisions of the clerk shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action."

Brannon had notice of the motion made in this case, but Smith had not.

Upon this motion was not Smith really a party adverse to Oldham?

The judgment was a joint one in favor of Smith as well as Oldham, although, as we have seen, this was by mistake. But the affidavit of Brannon disclosed the fact that Smith still claimed to own the debt; and it was admitted that Brannon had arranged or settled the debt with Smith. At this point the interests and claims of Oldham and Smith seem to have become antagonistic. Could the court then have determined the controversy which had arisen upon this motion, without prejudice to the rights of Smith? We think not, and that it was the duty of the court to have ordered Smith to be brought in, by notice of this motion. (*Civil Code, sec.* 40.)

When he is before the court on this motion, each party will have an equal opportunity of asserting and establishing his rights. If Oldham in fact owns the debt, he is entitled to have the correction of the judgment made for which he moved the court. If the fact be otherwise, Brannon should be protected in his payment to Smith, and Oldham's motion should be overruled.

As the record stood at the trial of the motion, the order overruling it was erroneous. For this error the order is reversed,

and the cause remanded for further proceedings in accordance with the principles of this opinion.