WILLIAM STONE *versus* SARAH LOCKE.

As a general rule, the prevailing party, in equity, is entitled to costs; but the rule will be enforced or not, at the discretion of the Court, as the facts and circumstances of each particular case may require.

After a final decree in favor of a party, to entitle him to costs, there must be an express order or decree of the Court therefor.

Where a bill was dismissed from the docket, for want of prosecution, on motion of the defendant, the action cannot properly be brought forward, at a subsequent term, on motion, to obtain an order for his costs.

*It seems* the proper proceeding for him, after dismissal, for want of prosecution, is to apply for an order to discharge the decree dismissing the bill.

But his application will not be favored, where the bill was regularly dismissed, if it be for the sole purpose of agitating the question of costs.

Stone *v.* Locke.

THIS was a suit in EQUITY, and was heard upon bill, answer and proofs. The order of Court was that the bill should be dismissed, unless other persons should be made defendant parties. See *Stone* v. *Locke*, 46 Maine, 445.

This order was certified to the clerk of the Courts for the county of Hancock, and by him entered upon his docket. At a subsequent term, on motion of the defendant, the Court ordered an entry of "Bill dismissed." The action was brought forward upon the docket, and, at the next term, the defendant moved for an order for costs; which was allowed by RICE, J., presiding. The plaintiff filed exceptions.

*J. S. Rowe*, for complainant.

*J. A. Peters*, for defendant.

The opinion of the Court was drawn up by

RICE, J. —The principal matter in controversy between the parties has been heretofore disposed of by the Court. The question of costs only is now presented. By the docket of the county Court, it appears that an order from the law Court was received and entered at the May term, 1860, of the following tenor:—"Bill dismissed, unless amended, upon payment of costs." At the October term, 1860, the following entry appears:—"Death of Wheeler suggested by defendant. Bill dismissed." At the April term, 1861, the entry is—"Costs for defendant."

To the last order, allowing costs for the defendant, the plaintiff objected, on the ground that the case had been finally disposed of at the October term, and was improperly brought forward by the clerk; that it was in fact out of Court, and that costs could not then be legally allowed.

As a general rule, the prevailing party in equity, as well as in law, is entitled to costs. But, in equity, this rule is not universal, and is enforced or not, at the discretion of the Court, as the facts and circumstances of each particular case may require. *Saunders* v. *Frost*, 5 Pick., 260; *Clark* v. *Reed*, 11 Pick., 446, 449; *Bryant* v. *Russell*, 23 Pick., 508; Dan. Ch. Pr., 1520.

The rights of the parties are determined by the final decree. There must not only be a decree in favor of a party, but there must also be an express order or decree for his costs, or they are lost. *Connable* v. *Bucklin*, 2 Aik., 221; *Travis* v. *Waters*, 12 Johns., 500.

If the final decree is silent as to costs, the Court will not grant them on a subsequent application, unless there is a rehearing on the merits. Dan. Ch. Pr., 1516, note.

The method by which the restoration of a case, after dismissal for want of prosecution, is effected, appears to be by obtaining an order to discharge the decree dismissing the bill; but the Court will not restore a bill which has been regularly dismissed, for the mere purpose of agitating the question of costs. Dan. Ch. Pr., 953.

The bill in this case was dismissed from the docket, on motion of the defendant, for want of prosecution, in conformity with a decree of the law Court. The question of costs was not reserved. The case was therefore finally disposed of at the October Term, 1860, and improvidently brought forward to the succeeding April term by the clerk. Being thus out of Court, and not having been legally restored and opened for re-hearing, the subsequent action thereon, with reference to costs, was unauthorized. *Exceptions sustained.*

TENNEY, C. J., APPLETON, CUTTING and MAY, JJ., concurred.