A. J. LOPEZ *v.* F. W. McCHESNEY, Assignee in Bankruptcy of C. L. BRITO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 30, 1895.          DECIDED MARCH 26, 1896.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE WHITING IN PLACE OF MR. JUSTICE BICKERTON, ABSENT FROM ILLNESS.

A claim of set-off should be specially pleaded; if not pleaded or litigated it is not *res adjudicata* and may be made the subject of a separate action.

Although a party who seeks relief by way of set-off should ordinarily do so by plea or (if both claims have been reduced to judgment) by motion, in the court in which he is defendant, yet equity will grant relief under special circumstances, as where both claims have been reduced to judgment and one of the parties is insolvent, and the remedy by plea or motion was not available to the other party or was not plain, adequate and complete.

OPINION OF THE COURT BY FREAR, J.

This is a bill in equity to obtain a set-off of a judgment at law against a judgment in bankruptcy, on the ground that the assignee in bankruptcy declines to allow such set-off and is about to take out execution on his judgment against the complainant while the complainant cannot similarly enforce his judgment against the assignee. The defense is that there was a plain, adequate and complete remedy at law.

The facts are these. C. L. Brito was adjudicated bankrupt January 29, 1895, and F. W. McChesney was appointed his assignee. February 8, A. J. Lopez filed his claim in bankruptcy for $6,971.67, which was not contested. May 17, Lopez

filed a second claim for $10,419.60 which included the items of the first claim. This was disputed *in toto* by the assignee May 27, and after a hearing on June 19, $7,083 of the claim was allowed. This included all the items contained in the first claim and some others. These items were not contested at the hearing.

Meanwhile on April 15, the assignee brought his action at law against Lopez for $3,805.29, and after trial upon a plea of the general issue on June 6 obtained a verdict for $1,900, upon which judgment was entered June 12. Exceptions were taken and allowed but these were dismissed by consent July 8. The term of court ended June 13.

Defendant's counsel contends in the first place that Lopez might have established his claim of set-off in the action at law under his plea of the general issue, and that, therefore, the claim must be regarded as *res adjudicata*, upon the general principle that a judgment is conclusive as to all matters that might have been litigated under the pleadings whether in fact litigated or not. A claim of set-off is not, however, strictly matter of defense, that is, in the sense that it is a denial of the plaintiff's claim. It is separate and distinct matter and should be specially pleaded (Civ. Code, Sec. 1146), the plea being in the nature of a cross-complaint. It is well settled that it may be set up by way of answer or made the subject of a separate action at the option of the party.

It is further contended that Lopez might have pleaded the judgment in bankruptcy by way of set-off in the action at law, or, after judgment in the law court, have moved there for a set-off of one judgment against the other. But this he could not have done for the reason that the judgment in bankruptcy was not rendered until after the judgment at law and after the law term had closed. By the judgment in bankruptcy we mean that of June 19. For, although the non-contested claim filed February 8, taken by itself, might under our bankruptcy practice be regarded as reduced to judgment, by the mere filing of the claim and omission to contest it, yet, to judge from their

acts in the subsequent proceedings, both parties appear to have waived whatever rights may have accrued to them under that judgment and to have treated it as a nullity.

But could not Lopez have pleaded in the law court by way of set-off his claim before it had been reduced to judgment in the bankruptcy court? Assuming that there was no legal objection to his taking this course, he could not well have been required to proceed in both courts at the same time upon the same claim, and, under the circumstances, he was under no obligation to proceed in the law court in preference to the bankruptcy court.

There is much difference of opinion as to the extent of the jurisdiction originally exercised by courts of equity in matters of set-off, and as to the extent to which such jurisdiction, whatever it was, has been limited by the statutes of set-off conferring some of that jurisdiction upon the law courts and by the assumption on the part of the law courts of further equitable jurisdiction not conferred by the statutes. The New York cases appear to go as far as any in upholding the equity jurisdiction. See *Simson v. Hart*, 14 Johns. 63; *Gridley v. Garrison*, 4 Paige 647. We need not discuss the numerous cases that we have examined nor undertake to state the precise limit to which courts of equity should go in this country in granting relief of this nature; for, as it seems to us, the decided weight of authority is in support of the view that where, as in this case, both claims have been reduced to judgment in their respective appropriate courts and one of the parties is insolvent and the other shows that, though he had knowledge of the insolvency, he had good reason for not pleading the set-off as a defense in the first action, equity will exercise jurisdiction.

*Wolcott v. Jones*, 4 Allen 367, and *Hendrickson v. Hinckley*, 17 How. 443, cited by defendant's counsel, are not inconsistent with these views. In neither of those cases had both claims been reduced to judgment; in neither of them did the complainant show good cause for not having previously asserted his set-off, when he had an opportunity to do so, although knowing

at the time the obstacles in the way of proceeding in a seperate suit.

No doubt a party who seeks relief by way of set-off should ordinarily do so by plea or, after judgment in both cases, by motion, in the court in which he is defendant, and unless he can show that such course was not available or would not have afforded a plain, adequate and complete remedy, equity might refuse relief altogether or costs, according to the circumstances.

The decree appealed from, ordering the set-off and enjoining the enforcement of the law judgment upon complainant's enter- ing in the bankruptcy court satisfaction *pro tanto* of the judg- ment there obtained, is affirmed, with costs.

*W. A. Kinney, S. M. Ballou,* and *F. M. Hatch,* for plaintiff.
*A. S. Hartwell,* for defendant.

### OPINION OF WHITING, CIRCUIT JUDGE.

I am of opinion that in this cause the decree is correct, and the appeal cannot be sustained. The Circuit Court, Cooper, J., in equity decided as follows: "The relief prayed for should "be granted. Statutes authorizing defendants to set-off any "claims that they may have against the plaintiff at law, do "not preclude subsequent actions for the amount of their claim "if they do not exercise the right. Of the numerous cases "examined upon this point, none seem to state the rule so "plainly as the opinion of the court delivered by Mr. Justice "Sheldon in *C. D. & V. R. R. Co. v. Field and others,* 86 Ill. "270: It is the general rule, without doubt, as appellant's coun- "sel affirms and cites authorities to show that an injunction will "not be granted against enforcing a judgment when defense "might have been made in the action at law, unless the judgment "was obtained by fraud, accident, or mistake.

"But this rule we conceive, does not apply to the defense of "set-off, but to such defenses as were required to be made in "the suit where the judgment was rendered. Statutes of set- "off are passed for the benefit of defendants, and they are not

"imperative; so that the defendant may waive his defense of "set-off, and bring a cause of action for the debt due to him "from the plaintiff. * * * By the showing of the bill, appel- "lant is justly indebted to appellees in a much larger amount "than the judgment, and unless equity interposes, as asked, "appellant will enforce the collection of his judgment against "appellees, and the latter will lose the entire amount of their "demand against appellant on account of the insolvency of the "latter, and the consequent inability to obtain satisfaction of "their demand in a cross action. This would be unjust, injur- "ious, and unconscientious. The claims, in such case, should "cancel each other to the extent of the lesser. For the creditor "to receive satisfaction of his judgment by the cancellation of "a debt of equal amount due and owing from him to the judg- "ment debtor gives him a full equivalent, and does him no "injustice, while it saves the other from the injury of the loss "of his debt."

"The allowance of the claim against Brito by the court in "bankruptcy was in the nature of a judgment, and I do not "see that the fact that the bankruptcy of Brito occurred prior "to the judgment rendered against Lopez changes the situation. "If the relief is not granted, McChesney will collect the amount "of the judgment from Lopez, while he is holding an approved "claim against Brito for a much larger amount, and he will only "be allowed to participate in such dividends as may be declared "by McChesney as Brito's assignee. This will be manifestly "unjust, for Brito suffers nothing by an offset of the judgment "against Lopez, and the creditors of Brito would gain advantage "of an increased dividend at the expense of Lopez.

"A decree will be signed enjoining the collection of the "judgment and ordering it satisfied by an application of so much "of the claim held by Lopez as may be necessary for that "purpose."

This decision is amply supported by the facts and by the law.

Brito becomes a bankrupt and insolvent, and his assignee obtains a judgment at law against Lopez, and Lopez has a decree

in bankruptcy against estate of Brito for a claim of larger amount. That decree has the force of a judgment.

At law the assignee can cause an execution to issue on his judgment and levy on Lopez's property whereas no execution can issue in favor of Lopez against the assignee in bankruptcy of Brito or against the estate of Brito. The judge in bankruptcy cannot even authorize it in such case. This of itself is a good ground for the intervention of equity.

The answer claims that the plaintiff had a "clear, plain and adequate remedy at law," specifying the legal remedy of pleading the set-off in the answer, and further that by motion at law to set-off one judgment against the other the plaintiff had a plain and adequate remedy at law and thereby equity had no jurisdiction.

The defendant moved to be allowed to amend his answer herein so as to make it more general and include "any adequate relief" or "remedy at law." I do not deem an amendment necessary.

Our Hawaiian statutes as to set-off provide as follows: Civil Code Sec. 1146. "It shall be competent to the defendant in any civil action to plead an offset of like kind and denomination, existing in the same right, between him and the defendant."

Sec. 1150. "When an action has been brought by one person in trust, or for the use of another, the defendant may set-off any demand against the person for whose use or benefit the action is brought, in like manner as if that person were the plaintiff in the suit. Sec. 1151. The plaintiff shall be entitled to every ground of defense against such set-off of which he might have availed himself, in an action brought against him on the same ground."

This is clearly a permissive right, and the plaintiff did not lose his right to bring a separate action for a demand which he might have pleaded as a set-off but failed so to do.

Statutes of set-off being permissive but not compulsory and a party defendant not being bound to set-off his demand against the plaintiff's debt there would not seem any fault or neglect

attributable to one not putting in his claim as a set-off in the case, before judgment.

> *Hobbs v. Duff*, 23 Cal. 629.
> *C. D. & V. R. R. Co. v. Field*, 86 Ill. 270.
> 22 Am. & Eng. Ency. of Law 231.
> *Minor v. Watson*, 17 Mass. 237.

"It is well settled both in England and in this country (United States of America) that judgments in cross actions may be set-off the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions is pending."

> *Pierce v. Bent*, 69 Me. 385.

In *Brown v. Warren*, 43 N. H. 437, the court says:

"But suppose all the claims had passed into judgment and an application were made to the court to offset the separate and several judgments of these trustees against the judgment which the debtor had recovered against them jointly, the courts whether of law or equity have at common law that power and may order the offset. The exercise of this power does not depend upon any statute but is exercised by courts of law as well as equity upon the application of either party under the general power which courts have at common law over the suitors in them."

In *Sowles v. Walters*, 40 Fed. Rep. 413. In equity. Motion to set-off a decree in equity against a judgment at law obtained at a former term by defendant against complainant. The court granted the motion and decreed accordingly against the objection of respondent that the judgment was at a former term and at law.

Many cases hold the same principles and further that equity has jurisdiction, by bill as well as by motion, especially where the law could not give a proper remedy as in the case of the insolvency of one of the parties. *Hobbs v. Duff*, 23 Cal. 629.

The court says:

"The next position is that the rules of set-off are the same

in equity as in law.    It is true that courts of law and equity follow the same general doctrines on the subject of set-off: but where some equity intervenes, independent of the fact of mutual unconnected debts, courts of equity will take jurisdiction, and determine the matter upon principles of natural equity.    And when the law could not give a proper remedy as in case of the insolvency of one of the parties, equity will afford relief.    The demands in this case are judgments * * * and the defendant in one of the judgments is insolvent.    On a complaint filed to set-off one judgment or decree against another the jurisdiction of a court of chancery is more extensive than that of common law courts.    In equity a set-off in such cases is a matter of right and not of discretion, and it depends not upon the statutes of set-off but upon the equitable jurisdiction of the court over its suitors."

Courts have held that one judgment may be set-off against another, &c., by mere motion.

*Ewen v. Teny,* 8 Cowan ( N. Y.) 126.

It has been decided that it is now the accepted law on the subject that a proceeding of this kind is a summary proceeding and may be commenced by and proceeded with as upon a motion. Hence that no formal pleadings are necessary, but that the parties may as in analogous proceedings mutually resort to formal pleadings and present questions of law in that way.

*Puett v. Beard,* 86 Ind. 178.

*Rix v. Nevins,* 26 Vt. 384.

But motion is not the only method and it cannot exclude equity jurisdiction and more formal proceedings by bill in equity.

In cases similar to this a bill in equity is a proper remedy.

22 Am. & Eng. Encycl. of Law 218.

*Gay v. Gay,* 10 Paige, Chancery, (N. Y.) 370.

"The practice in a proceeding to set-off  one judgment against another is not prescribed by any statute nor is the right to order it done conferred upon the courts by any legislative enactment; but the courts possess the authority as they do many other

powers in virtue of their general equitable authority over officers and suitors, and as one of the inherent judicial powers which are necessary of the existence of a court. Freeman on Judgments (3 ed.) Sec. 467a. The method of procedure is generally by motion although some of the cases declare that it should be by bill or complaint and others that it may be either by motion or by complaint."

> *Puett v. Beard et al.*, 86 Ind. 178.
> *Lammers v. Goodeman*, 69 Ind. 76.
> *Levi Rix, Admr. of E. Rix v. Edward P. Nevins*, 26
>     Vt., pages 142 to 143.

Isham, J. The judgment in this case was rendered on two promissory notes, payable to Elisha Rix as administrator of the estate of George S. Lee. Elisha Rix has deceased, and the plaintiff is the administrator *de bonis non* of the estate of George S. Lee, and the administrator also, of the estate of Elisha Rix; and as administrator of Elisha Rix, has prosecuted these notes, and recovered this judgment; thus treating them as assets, and as the property of that estate. The notes are merged in the judgment, and the defendant is now indebted upon that matter, only to the estate of Elisha Rix. The defendant has a claim against the estate of Elisha Rix, which was allowed to him by the commissioners on that estate, and which is perfected as a judgment, by being allowed and recorded in the probate court. Claims of that character are treated as judgments, except they cannot be enforced by the final process of execution. These judgments are therefore mutual in their character, and if they were judgments in the same courts, the set-off of one judgment against the other would be a matter of legal duty, as well as of equitable right. Comp. Stat. 283, Sec. 12. The judgments, not being in the same court, an offset cannot be directed under the provisions of the statute. It is therefore, to the equitable power of this court, which it exercises independently of the statute, that this application is made. The power to direct such an offset, and the duty of the court so to do, as general rule, has

not been questioned.    It is fully sustained and enforced by the case of, *Conable v. Bucklin*, 2 Aik. 221.

As these judgments are mutual, and as an offset would be a matter of right, if they were judgments in the same court, it would seem to be a duty equally as imperative and equitable, to exercise that power on this application, that it would be if they were judgments in the same court; for surely, the equity is the same, when the judgments are in different courts, that it is when they are in the same court.    In making an offset of the judgments, the defendant has only secured to him a right, the exercise of which is prevented, for the want of an opportunity to plead the judgment in offset, and of which the plaintiff may deprive the defendant by enforcing payment of his judgment by execution, unless a power of this kind is exercised.    In cases of that character it has been observed, "that the power of setting off judgments, not only of the same, but of different courts, does not depend upon the statute of offsets, but upon the general jurisdiction of the court over its suitors, and that it is an equitable jurisdiction, and frequently exercised."

I also concur in the opinion of the court by Frear, J.

Let the decree be affirmed.