JOHN E. COLLINS *vs.* EDWARD T. CAMPBELL.

EDWARD T. CAMPBELL and another, *vs.* JOHN E. COLLINS.

Hancock.    Opinion November 5, 1902.

*Set-off.   R. S., c. 81, § 77; c. 82, § 57.*

Statutes regulating the right of set-off usually limit its application to mutual demands, and if there are several plaintiffs the demands must be from all jointly, if several defendants to all jointly.  But courts of common law have an equitable jurisdiction in cases of set-off independent of the statute, practically co-extensive with that of courts of equity, and opposite demands arising upon judgments may be, upon motion, set off against each other whenever such set-off is equitable.

It is generally held that a member of a firm, when sued for his individual debt cannot set off a claim due from the plaintiff to the firm without the consent of the other partners.  But he may do this if he has the consent of his co-partners, and the rights of third parties will not be prejudiced.

Such set-off will not be allowed to defeat an attorney's lien for the taxable costs.

Mutuality is implied in the word "set-off" and is essential in every case dependent upon the discretion of the court, but it need not be nominal mutuality indicated by the record, but real mutuality shown by the evidence.

On report.    Motion for set-off allowed.

Two actions of debt upon judgments rendered by the Common Pleas Division of the Supreme Court of Rhode Island.  Both of said actions were defaulted.

Before the default of the actions and while both of said cases were pending in court, and before judgment, the plaintiffs in the suit of *Campbell et al.* v. *Collins* moved the court to order the judgment to be rendered by this court in the suit of *Campbell et al.* v. *Collins*

to be offset pro tanto against the judgment to be rendered by this court in the suit of *Collins* v. *Campbell*, except as to the taxable costs in such suit.

*L. B. Deasy*, for Collins.

*A. W. King*, for Campbell and Macomber.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, JJ.

PEABODY, J. The question presented by the report is the right of equitable set-off. It affects the judgments which may be recovered in two suits pending in the Supreme Judicial Court for the County of Hancock.

In one of these suits John E. Collins is plaintiff and Edward T. Campbell is defendant, and in the other Edward T. Campbell and John H. Macomber, as co-partners of the firm of Campbell & Macomber, are plaintiffs and John E. Collins is defendant.

The plaintiffs in the suit *Campbell et al.* v. *Collins*, by motion addressed to the court at nisi prius, ask that an order be made directing the judgment which may be recovered in that action to be set off pro tanto against the judgment which may be recovered in the action *Collins* v. *Campbell*, except as to the taxable costs in each suit. The pending actions are based upon judgments recovered in the Common Pleas Division of the Supreme Court of the State of Rhode Island.

The case shows that Collins was indebted to the firm of Campbell & Macomber on a protested draft in 1892, and was sued and arrested in legal proceedings in the State of Rhode Island, instituted by the firm, April 17, 1893, for the collection of their debt. Judgment was recovered against the debtor for $1100.76, which remains unsatisfied. He was released by the court from arrest, and November 16, 1894, brought suit in Rhode Island for false imprisonment against Campbell individually, who had, in behalf of the firm, caused his arrest, and recovered judgment for $2000, which remains unsatisfied. Collins assigned this judgment, soon after it was recovered, to his mother, Mary E. Collins, to secure his indebtedness to her for

$2800, borrowed money. He was insolvent at the time of the assignment, and the instrument seems to have been prepared by his attorney and the formalities of its execution made under his direction. The suit in his name is brought for the benefit of the assignee. Originally courts of equity alone had jurisdiction in cases of set-off. *Ex parte Stephens,* 11 Ves. 24. The right did not exist at common law until introduced into its practice by statute; but being found conducive to the administration of justice it has been greatly extended by legislative enactments and a liberal construction by the courts. And now courts of common law have an equitable jurisdiction in cases of set-off independent of the statute, practically coextensive with that of courts of equity, and opposite demands arising upon judgments may, upon motion, be set off against each other whenever such set-off is equitable. *Conable* v. *Bucklin,* 2 Aik. 221; *Donnell* v. *P. & O. R. R. Co.,* 76 Maine, 33; *Peirce* v. *Bent,* 69 Maine, 381.

By the exercise of this equitable jurisdiction the courts are enabled to do justice between the parties in cases not strictly within the provisions of the statute. Colb. Prac. 196; 2 Par. Con. 335; *Wright* v. *Cobleigh,* 3 Foster, 32; *Hutchins* v. *Riddle,* 12 N. H. 464; *Gould* v. *Parlin,* 7 Greenl. 82; *Simson* v. *Hart,* 14 Johns. 63.

The criterion by which it is to be determined is whether it is equitable. *Baker* v. *Hoag,* 59 Am. Dec. 431; 6 How. Prac. R. 201; *Makepeace* v. *Coates,* 8 Mass. 451.

Statutes regulating the right of set-off, while seeking to avoid multiplicity of suits and to afford speedy adjustment of conflicting claims between parties, usually limit its application to mutual demands, and if there are several plaintiffs the demands must be from all jointly, and if several defendants, to all jointly. *Williams* v. *Ocean Ins. Co.,* 2 Met. 303; Colb. Prac. 191; R. S., c. 32, §§ 55, 56, 57.

This case is to be decided independently of any statute, except so far as the spirit of statutory regulations may influence the judicial discretion of the court. 2 Par. Con. 240. In *Barker* v. *Braham,* 2 W. Black. 896, DeGray, C. J., favoring the motion of the defendant that the judgments recovered in different courts might be set off against each other, said he "desired it to be remembered that it was

a case of one judgment against another, and must be distinguished from setting off private debts upon which no judgments had been obtained." In *Mitchell* v. *Oldfield*, 4 T. R. 123, Lord Kenyon said "it did not depend upon the statute of set-off, but the general jurisdiction of the court over the suitors in it." *Duncan* v. *Bloomstock*, 2 McCord, 318, 13 Am. Dec. 729.

In this case the demands are not such as come within the conditions of the statutes of this state. They are excluded by the limitation of § 57, c. 82, R. S. The proceedings sought are not for a statutory set-off of the original judgments, but for a set-off of judgments to be recovered in cross actions upon the foreign judgments.

Section 77, c. 81, R. S.; giving the right of set-off in cross actions anticipated equities which in particular cases justify a departure from the general rule, but it applies only where the parties are identical or where several defendants bring cross actions against a non-resident plaintiff, and does not authorize the set-off of a judgment to be recovered in an action of a firm against the judgment which a non-resident plaintiff may recover in his action against one of the partners.

There are ample authorities which hold that in the absence of such statutory authority the courts may allow a set-off of judgments when different parties are nominal plaintiff and nominal defendant. 2 Par. Con. 240; *Moody* v. *Towle*, 5 Greenl. 415; *Foot* v. *Ketchum*, 15 Vt. 258, 40 Am. Dec. 678; *Andrews* v. *Varrell*, 46 N. H. 17.

In *Hobbs* v. *Duff*, 23 Cal. 596, it was held "where the parties to two judgments are not the same, courts of equity will look beyond the nominal to the real parties in interest and adjudicate the rights of the parties accordingly."

Where a firm creditor has been sued by an individual member of the firm, he has been allowed to set off against the claim the debt of the co-partnership to him. *Hutchins* v. *Riddle*, 12 N. H. 464, supra. The reason assigned by the court in that case is, that each member is holden for the debts of the firm; but there are reason and authority also against the right in such cases. *Lamb* v. *Brolaski*, 38 Mo. 51. In the case last cited the court say: "Were it otherwise, a firm might be made to pay the private debts of one partner

to the injury of the other and the creditors of the co-partnership."
But it should be considered that in each case the common law court
exercises a judicial discretion in granting or refusing the set-off.
*Simson* v. *Hart*, 14 Johns. 63, supra.

· It is, however, generally held that a member of a firm when sued
for his individual debt, can not set off a claim due from the plaintiff
to the firm without the consent of the other partners. *Taylor* v.
*Bass*, 5 Ala. 110; *Hoyt* v. *Murphy*, 18 Ala. 316; *Manning* v.
*Maroney*, 87 Ala. 563, 13 Am. St. Rep. 67; *Howe* v. *Snow*, 3 Allen,
111. But it appears to be otherwise if he has the consent of his
co-partners, and the rights of third persons will not be prejudiced.
*Tustin* v. *Cameron*, 5 Whar. 379; *Montz* v. *Morris*, 89 Penn. 392;
*Bartlett* v. *Loomis*, 16 Montg. Co. L. R. 206, cited in Am. Dig.
1901, A. 4062; Spauld. Prac. 273.

If a person is sued solely by the plaintiff for a joint debt due from
himself and another, he may be allowed to set off a debt due to them
jointly from the plaintiff. *Stanwood* v. *Dunn*, 3 Q. B. (Adol. &
Ell.) 822; *Mott* v. *Mott*, 5 Vt. 111.

Mutuality is implied in the word "set-off," which has been adopted
as a legal term by the legislatures and courts, and is essential in
every case dependent upon the discretion of the court, but it need
not be a nominal mutuality indicated by the record, but real mutual-
ity shown by the evidence. *Conable* v. *Bucklin*, 2 Aik. 221, supra;
*Ward* v. *Martin*, 31 B. Mon. (Ky.) 18; *Chase* v. *Woodward*, 61 N.
H. 79. In *Sullivant* v. *Reardon*, 5 Ark. 140, Paschal, J., says:
"The true question is not as to the mutuality of the indebtedness of
the parties to the action as they remain upon the record, but the
mutuality of the indebtedness at the time of the commencement of
the suit." The principal would doubtless extend to the original
indebtedness or cause of action.

It is claimed by the applicants that the liability upon which judg-
ment was recovered against Campbell individually was in reality a
claim against the firm. It originated in the acts of a member of the
firm justified as between the partners, not only by general authority
under the law of partnership, but by the express consent of Macomber
given to Campbell to do the precise thing which the court decided

was a tort against their debtor. Collins had a legal right of action against either or both of his judgment creditors. Am. & Eng. Ency. of Law, Vol. 17, p. 1066. Had he seen fit to sue both for false imprisonment and recovered judgment against them, the right of set-off would have been absolute under § 77, c. 81, R. S. He elected to sue Campbell alone, and the judgment against the individual partner can be set off pro tanto by the judgment of the firm only by the legal exercise of the discretionary power of the court, if, under the "particular circumstances," it is equitable and not inconsistent with the legal rights of the parties or those of third persons. As between the real parties in interest it would be eminently just, because Collins is a debtor of the firm of which Campbell is a member, and he is insolvent. It would not be prejudicial to Macomber or the partnership creditors, but beneficial to them because for whatever amount Campbell is compelled to pay to satisfy the judgment against him, he is entitled to be reimbursed by the partnership; and if the judgment may otherwise be set off it would not impair the legal rights of the assignee of Collins, who took the assignment of the judgment cum onere, subject to all equities in favor of the debtor, including the right of set-off. *Hooper* v. *Brundage*, 22 Maine, 460; *Burnham* v. *Tucker*, 18 Maine, 179; *Peirce* v. *Bent*, 69 Maine, 381, supra.

While the evidence shown by the report raises no question as to the validity of the assignment, the court in determining the equities which control the exercise of its discretionary power will observe that it was not a transfer for a present consideration, but as security for a pre-existing debt, given voluntarily by Collins to his mother, at a time when he was insolvent, and that the business was done by his own attorney acting for the assignor and assignee. The consent of Macomber was expressly given to the set-off when the application was made therefor to the court, or perhaps when the subject was first thought of and discussed, but after the date of the assignment; but his assent will be implied from the circumstances. The judgment recovered against Campbell was an incident to his effort to collect a debt of the firm. It was a risk incurred in its behalf, and, as has been said, whenever paid by him he might properly be reim-

bursed by the partnership.   The case is novel, but we think it comes within the wide sphere of exceptions to the general rules of the law of set-off.   *Blake* v. *Langdon*, 19 Vt. 485, 47 Am. Dec. 701; Story on Part. § 395; *Seaman* v. *Slater*, 49 F. R. 37.   The equity is clearly in favor of the applicants.

> *Judgment in suit Edward T. Campbell et al. v. John E. Collins ordered to be set off pro tanto against the judgment of John E. Collins v. Edward T. Campbell, except as to the taxable costs in each suit.*