# PURCHASE a. BELLOWS.

*New York Superior Court, General Term ; May, 1863.*

SET-OFF ON MOTION.—ATTORNEY'S LIEN FOR COSTS.

When the interference of the court to set off, against a judgment, the costs of an appeal from an order on a summary application after judgment, is invoked by motion, and not by an action, the question is in the discretion of the court.

The court may, *on motion*, exercise a discretion, even where the set-off might be enforced by an action.

Such a motion may properly be denied where the objection to the set-off is the attorney's claim to a lien on the costs of such proceeding after judgment, and the debtor being poor, the existence and protection of the lien was important to his securing the services of the attorney.

The case of Crooker a. Claughly (2 *Duer*, 684), examined and distinguished.

Costs always granted on affirming an order on appeal, in the New York Superior Court.

Appeal from an order denying a motion to set off certain costs against judgment in the action.

In this action, which was brought by John Purchase against George F. Bellows, the defendant prevailed and had judgment for his costs, $606.42. After the return of an execution against property unsatisfied, the defendant issued an execution against the person, which on motion was set aside. (The decision is reported 14 *Ante*, 357.) The order setting aside the execution was affirmed at general term, and costs of appeal awarded to the plaintiff.

The defendant moved to set off such costs against the judgment in his favor. The motion was denied, and the following opinion delivered.

ROBERTSON, J.—This is an application to set off a judgment at special term, for costs in favor of the defendant, against one for costs at general term in favor of the plaintiff, claimed by his attorneys. The Court of Errors held, in the case of Nicoll a.

Nicoll (16 *Wend.*, 446), that upon a bill in equity or action at law to obtain a set-off, the attorney's lien cannot be regarded, but on motion it may. The same doctrine is recognized in Martin *a*. Kanouse (9 *Abbotts' Pr.*, 370 ; S. C., 17 *How. Pr.*, 146), and in Ainslie *a*. Boynton (2 *Barb.*, 258). This court has held, that on a motion for a set-off, each case will be disposed of according to what appears just and right under the circumstances. (Smith *a*. Lowden, 1 *Sandf.*, 696 ; Gihon *a*. Fryatt, 2 *Ib.*, 638.) The plaintiff's attorney's costs were earned in preventing the defendant from being arrested under an execution in the action. If in such case a person in narrow circumstances was obliged to submit to an illegal arrest, because he had not the means to compensate counsel to relieve him, who might be willing to appear for his costs, it would be very hard. I think the defendant should be driven to his bill or action for the purpose. The motion must be denied, with seven dollars costs.

From this order the defendant now appealed.

*Wellington Wells*, for the appellant.

*Thomas Stevenson*, for the respondent.

By the Court.*—Bosworth, C. J.—This court, in Smith *a*. Lowden (1 *Sandf.*, 696), and in Gihon *a*. Fryatt (2 *Ib.*, 638), declared, as its rule of decision, that on motions to set off one judgment against another, it would not interfere, where granting the motion would operate unjustly to deprive an attorney of his costs. If the party, in his view of his rights in such a case, could compel a set-off by action, he would be left to that remedy.

This motion is not one to compel a set-off of one judgment against another. It is a motion to set off against a judgment for costs, the costs of an appeal from an order made in the same action after judgment.

The judgment is in favor of the defendant, and is wholly for costs.

The defendant arrested the plaintiff on an execution issued

---

* Present, Bosworth, Ch. J., Barbour and Monel, JJ.

on the judgment against the person of the plaintiff, and it was set aside as unauthorized by the Code, but without costs.

The defendant, with this decision of the court against him, appealed from this order, and the order was affirmed, with $10 costs.

A motion was made by the defendant to set off these costs against a like amount of the judgment, and that motion was denied, with $7 costs.

From that order this appeal is taken.

The ten dollars costs which were awarded to the plaintiff, were awarded by reason of the defendant's appeal from an order free from error.

Practically, the defendant's attorney may be regarded as having taken the appeal as an experiment, to test the question whether he could arrest the plaintiff on a *ca. sa.*, to satisfy the defendant's judgment for costs. He did this, knowing the plaintiff was insolvent, and might find it difficult to compensate an attorney to defend the order on appeal.

The attorney who did defend it, if the motion is granted, will be deprived of his costs on the appeal,—costs incurred by reason of the defendant's experiment to obtain a reversal of the judgment of a single judge, who decided that the defendant's practice could not be upheld.

There is no equity in depriving the plaintiff's attorney of costs earned under such circumstances.

It was in the discretion of the court to interfere or refuse to interfere on motion.

And we cannot say that in refusing to interfere, the judge did not conform to the rule prescribed in Smith *a*. Lowden, and Gihon *a*. Fryatt (*supra*).

In Crooker *a*. Claughly (2 *Duer*, 684), the costs set off accrued in defending a suit in favor of insolvent plaintiffs. The plaintiffs recovered a verdict for only $35; and for aught the reported case discloses, the suit might have been brought in a justice's court.

By ordering the set-off, the plaintiff's attorney was not deprived of any lien he had for costs; but an assignment of the verdict by insolvent clients to their attorney was not permitted to interfere with the strict, equitable, and legal right of the defendant to have the sum recovered by the plaintiffs extin-

guished by setting it off against a like amount of the sum recovered by the defendants for costs in the same action.

It is undoubtedly desirable that there should be a uniform rule of practice in all the courts on the subject of setting off the costs of one party against those of the other, on motion. But so long as the rule is asserted and enforced, that it is discretionary with the courts whether they will interfere or not on motion, even in cases where a set-off can be compelled by action, we are not at liberty to say that the discretion exercised in this case should be reviewed and reversed on appeal.

I should be better satisfied with a rule which, on a conceded or uncontroverted state of facts, would give the same relief on motion which could be compelled by action. But a contrary rule was established in this court in the two cases first cited, and is a rule of action by which other courts have been governed. (Nicoll *a.* Nicoll, 16 *Wend.*, 446, and cases there cited.)

Even if the 93d Rule of Hilary term (2 *W. IV.*) were in force here (Cowell *a.* Betteley, 10 *Bing.*, 423), it would not reach this case. The costs moved to be set off are not interlocutory. Interlocutory costs are those of some proceeding intermediate the commencement of the action and its final decision : the costs in question are those of an appeal from an order, on a summary application made in the action after final judgment.

Much of the apparent confusion in the decisions on motions to set off judgments, arises from not keeping in mind the fact that where the set-off is refused, the refusal is not unfrequently based on the ground that the action of the court cannot be compelled by motion, and that it will refuse on motion to interfere in cases where by action the relief sought would be granted as a matter of strict statutory right. This reason for refusing to interfere on motion is not so prominently assigned, in some cases, as to exclude the inference that the decision is placed on the strict rights of the parties, irrespective of the form of the proceeding.

The order must be affirmed ; and as the rule is uniform to grant costs on affirming an order, it must be affirmed with $10 costs.