## HARPER *v.* KEYS ET AL.

SET-OFF.—*One Judgment against Another, between Assignees Thereof.—Assignment of Judgment without Recourse.*—A., having become liable to a suit by C., by instituting, on behalf of B., unsuccessful attachment proceedings against C., B., during the pendency of·such suit by C. against A., and the pendency of a suit upon contract by B., against C., executed to A. a writing, guaranteeing him against loss in such suit by C., and agreeing that A. should hold the proceeds of such suit by B. as collateral to secure such guaranty. A judgment having been rendered against A., in such suit by C., the latter assigned it without recourse to D.; and a judgment having been subsequently rendered against C., in such suit by B., the latter assigned it to A., who brought suit against C. and D. to set off the latter judgment against the former.

*Held,* that such assignment of the former judgment passed the title thereto to D.

*Held,* also, that such assignment without recourse implies no want of consideration or good faith.

*Held,* also, that A., the assignee of the latter judgment, by such assignment, alone, acquired no right to set the same off against D., the assignee of the former judgment.

*Held,* also, that, by such guaranty, A. acquired no such equitable title to the contract in suit against C. as would enable him to set off the latter judgment against the former in the hands of D., the assignment of the latter being prior to that of the former to A.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *R. B. Encell,* for appellant.

*S. Keith* and *W. S. Marshall,* for appellees.

WORDEN, C. J.—This was a written motion, by the appellant, against the appellees, to set off one judgment

against another.    The motion was denied upon the ground, as we understand the record, that the facts stated in the motion did not warrant or justify the set-off.    We proceed, therefore, to state and consider the case as stated in the written motion.

The following facts may be gathered from the motion: Lewis & Hadsell transferred to the appellant, Harper, certain promissory notes against Oliver A. Keys.   Harper brought suit on the notes, against Keys, in the Fulton court of common pleas, and in that suit issued a writ of attachment, giving an attachment bond with one William Ashton as surety thereon.   The action was defeated on the ground that Harper was not the owner of the notes sued upon.   After the action was defeated, and before the rendition of judgment upon the attachment bond, hereinafter mentioned, Lewis & Hadsell executed to Harper the following instrument, viz.:

"Whereas, on or about the 8th day of November, 1870, we assigned to W. K. Harper, of Lima, two certain promissory notes of eight hundred dollars and eleven cents each, and took from him, in consideration of said assignment, his promissory note, payable when said notes were collected of Oliver A. Keys, the payor of said notes; and whereas, upon suit brought in the court of common pleas of Fulton county, Indiana, it was decided that said assignment for said consideration did not make the said Harper the owner of said notes; and whereas judgment was rendered against said Harper on said issue, with costs of suit; and whereas a writ of attachment was issued in said case at the suit of said Harper; and whereas a suit is now pending against said Harper for wrongfully obtaining an attachment in said case in the said county of Fulton, Indiana; and whereas said Harper has reassigned said notes to us, and suit is now pending, in the district" (circuit) "court of the United States for the district of Indiana, in our names, against said Keys: now, therefore we agree, in consideration of the said reassignment, and

the costs already accrued, in the attempt to collect said notes, to the said Harper, and his liability upon said suit for damages now pending against said Harper, and the aid he is giving us in the proceeding in the said district" (circuit) "court of the United States, to refund to said Harper all costs, expenses and trouble he has been put to in and about the said proceedings, or which he may yet be subjected to; and we agree that he shall hold the avails of said promissory notes as collateral security for this obligation.    (Signed)    LEWIS & HADSELL."
"LIMA, January 6th, 1872."

Keys brought his action on the attachment bond against Harper and Ashton, and, in the court of common pleas of Kosciusko county, recovered judgment therein, against Harper and his surety, Ashton, on April 30th, 1872, for the sum of one thousand two hundred dollars and costs. Shortly after the rendition of the above judgment, Keys assigned the same to Sidney Keith, without recourse.

On June 4th, 1873, Lewis & Hadsell recovered judgment on the notes mentioned in the agreement above set out, in the circuit court of the United States for the district of Indiana, against Keys for the sum of one thousand eight hundred and thirty-two dollars and twenty-two cents, and costs; and on the same day Lewis & Hadsell assigned the judgment to the appellant, Harper, the same now remaining unsatisfied, except as to the sum of five hundred and ninety-nine dollars and sixty-five cents, and costs.

Keys and also Lewis & Hadsell are alleged to be insolvent.

Harper desired to set off the judgment in the circuit court of the United States, thus assigned to him, against the judgment which Keys had recovered against him and his surety, Ashton, on the attachment bond, in the court of common pleas of Kosciusko county, and which Keys had thus assigned to Keith.

The date of the assignment of the judgment by Keys

to Keith is not stated, but is alleged to have been shortly after the rendition of the judgment, April 30th, 1872. We may safely assume that the assignment was made before the recovery of the judgment by Lewis & Hadsell against Keys, and the assignment thereof to Harper.

There being nothing averred to the contrary, we must assume that Keith was a purchaser in good faith, for a valuable consideration, of the judgment which Keys had recovered against Harper and Ashton. The fact that it was assigned by Keys to Keith "without recourse" does not imply a want of consideration nor of good faith.

Our statute provides for the assignment of judgments, and that the assignment "shall vest the title to such judgment or decree in each assignee thereof successively." 2 R. S. 1876, p. 351, sec. 1.

When the judgment was assigned by Keys to Keith, the judgment in favor of Lewis & Hadsell, against Keys, had not been rendered, and of course had not been assigned to Harper. The latter judgment, therefore, may be laid entirely out of view, in determining what rights Keith acquired by the assignment of the former judgment to himself.

If Harper has any equitable rights that will enable him to set off the judgment assigned to him against the judgment which Keys recovered against him and Ashton, thus assigned to Keith, they must arise entirely out of the contract between Lewis & Hadsell and himself.

Does the contract confer any such equity as against Keith?

In *Robeson* v. *Roberts*, 20 Ind. 155, it was said by this court, "we think that the assignee of a judgment under our statute, takes it subject to whatever equities exist in favor of the judgment-debtor." This is placing the assignment of judgments much upon the same ground, in this respect, as the transfer of promissory notes not governed by the

law merchant. But we see no equity growing out of the contract that will justify the set-off as against Keith.

The equities, subject to which the assignee of a judgment holds it, must be such as exist at the time of the assignment, or such as accrue before the judgment-debtor has notice of the assignment. Equities accruing to the judgment-debtor after he has notice of the assignment, can not and ought not to be set up against the assignee.

For aught that appears in the case, Harper had notice of the assignment of the judgment by Keys to Keith at the time it was made. At that time Harper not only had no judgment against Keys, but he had no claim against him whatever. By the contract between Lewis & Hadsell and Harper, the title to the notes against Keys did not vest in Harper either legally or equitably. If the title to the notes had vested in Harper, that would have defeated the suit which Lewis & Hadsell were then prosecuting against Keys upon them. By the contract, Lewis & Hadsell agreed that Harper should hold the avails of the notes as collateral security for the fulfilment of their obligation. This gave to Harper no right to the notes, and vested in him no claim or right of action against Keys.

Harper first acquired a claim of any kind against Keys when the judgment was rendered against the latter, in favor of Lewis & Hadsell, and that judgment was assigned to him. But long before this, the judgment of Keys against Harper and his surety had been assigned to Keith, of which Harper, for aught that appears, had notice at the time. We are of opinion, on the facts stated, that Keith's right to the judgment thus assigned to him can not be involved by any supposed right to make the set-off, and that the court below committed no error in its ruling.

The judgment below is affirmed, with costs.