## McAllister v. Willey.

PRACTICE.—*Pleading.*—*Motion to set off Judgments.*—*Supreme Court.*—Though, on a motion to set off one judgment against another, an answer and a reply are unnecessary, yet, when filed in the circuit court without objection, none can be made in the Supreme Court, on appeal.

SAME.—*Demurrer.*—A demurrer to such answer, for insufficiency, simply calls in question the sufficiency of the facts stated therein to constitute a valid legal reason why the plaintiff's motion should be denied,.and not the necessity of special pleading in such a case.

SAME.—*Satisfaction.*—*Pleading.*—An answer, in such action, alleging satisfaction of the judgment asked to be set off, prior to the filing of the motion, is sufficient.

SAME.—*New Trial.*—*Motion for.*—A motion by the plaintiff for a new trial of such cause, upon the ground that the ruling of the court on his motion for such set-off was contrary to law or unsustained by the evidence, is unnecessary; but, when made without objection below, its necessity can not be questioned in the Supreme Court, on appeal.

SAME.—*Assignment of Error.*—Error in refusing a motion for a new trial based on such grounds is presented to the Supreme Court on appeal by assigning such refusal as error.

SAME.—*Exclusion of Evidence.*—Error in the admission of evidence on the trial of such cause is ground for a motion for a new trial, but can not be assigned as an independent error, in the Supreme Court.

From the Montgomery Circuit Court.

*J. McCabe*, for appellant.

*P. S. Kennedy* and *W. T. Brush*, for appellee.

Howk, J.—On the 4th day of March, 1874, the appellant filed a written motion in the court below, to set off a certain judgment in his favor, and against the appellee, against a certain other judgment which the appellee had recovered against the appellant in said court.

This motion was apparently filed in the same action in the court below, wherein the appellee was plaintiff and the appellant was defendant, in which the appellee had, before that time, recovered his judgment against the appellant.

In his motion the appellant showed to the court, that, at the September term, 1873, of said court, the appellee had recovered a judgment against the appellant for two

thousand dollars, and the costs of suit; that, at the same term, the appellant moved the court for a new trial of said cause, which motion the court took under advisement until its next ensuing November term, and ordered a stay of execution on said judgment until said motion was decided; that, at said November term, the court sustained said motion, and made an order granting the appellant a new trial, which order the appellee then and there moved the court to set aside; that, before this last motion was decided, and without any action had thereon, the court adjourned for said term until the next February term, 1874, thereof, and, on the 28th judicial day of said February term, the court entered an order on its bench docket, setting aside its former order granting the appellant a new trial, over his objection and exception. And the appellant further showed said court, that, at the —— term of the court of common pleas of Boone county, he recovered a judgment against the appellee for the sum of four thousand five hundred and thirty dollars, and the costs of suit, a certified transcript of which judgment was filed with and made part of said motion, which judgment remained unpaid. Wherefore the appellant moved the court to set off so much of said last mentioned judgment in his favor, against the first mentioned judgment against him, as would equal the same, and that said judgment in favor of the appellee, and against the appellant, might be declared satisfied in full, and for other proper relief.

To this motion the appellee answered in four paragraphs, to each of which paragraphs the appellant demurred, upon the ground that it did not state facts sufficient to constitute a defence to his motion. The demurrers were sustained to the second, third and fourth paragraphs of said answer; and the demurrer to the first paragraph having been overruled, the appellant excepted to this decision.

The appellant then replied, in two paragraphs, to the first paragraph of the appellee's answer.

McAllister *v.* Willey.

The appellant's motion, having been heard, was denied by the court, and to this decision he excepted.

The appellant then moved the court, on written causes, for a new trial, which motion for a new trial was overruled, and he excepted to this decision.

In this court the appellant has assigned, as errors, the following decisions of the court below:

1. In overruling his demurrer to the first paragraph of the appellee's answer;

2. In overruling his motion for a new trial of his motion to set off judgments; and,

3. In overruling his objection to the introduction and admission of certain evidence offered by the appellee.

1. It is very doubtful, in our opinion, if answers or replies were proper or necessary pleadings in such a proceeding as the one now before us. *Brooks* v. *Harris,* 41 Ind. 390. But, as these pleadings were resorted to by the parties in this case, without objection thereto in the court below, none can be made in this court. The first error assigned by the appellant, the overruling of his demurrer to the first paragraph of the appellee's answer, does not call in question either the propriety or necessity of special pleading, in such a case as the one at bar. This alleged error simply presents for our decision one single question, and that is, the sufficiency of the facts stated in the said first paragraph of answer to constitute a valid legal reason why the appellant's motion to set off the appellee's judgment against him, against the judgment which he had before that time recovered against the appellee, should not be granted. We think, that the averments of the first paragraph of appellee's answer showed a good and sufficient reason why the appellant's motion for such set-off should be denied, in this, that it was alleged, in said paragraph of answer, that the judgment which the appellant recovered against the appellee, in the Boone Common Pleas Court, was fully satisfied at the time the appellee recovered his judgment against the appellant.

In our opinion, no error was committed by the court below, in overruling the appellant's demurrer to the first paragraph of the appellee's answer.

2. The second error assigned by the appellant is the decision of the court below, in overruling his motion for a new trial. In this motion, the following causes for such new trial were assigned:

1. That the finding, judgment and ruling of the court upon his motion for a set-off were contrary to law; and,

2. That the finding, judgment and ruling of the court upon his said motion were not sustained by the evidence.

In our opinion, the appellant's motion for a new trial was entirely unnecessary in this proceeding, but, having been made without objection in the court below, it can not be objected to for the first time in this court, and certainly not by the appellant, who made the motion. Having excepted, as he did, to the decision of the court below, in overruling his motion for a set-off, it seems to us, that no further motion was either proper or necessary, in that court, on the part of the appellant; and, on his appeal to this court, we think that he should have assigned, as error, the decision of that court in overruling his motion for a set-off. In this case, the appellant has not assigned, as error, the decision of the court below in refusing the set-off asked for. The only question presented for our decision by the alleged error of the court below, in overruling the appellant's motion for a new trial, may be thus stated: Was the decision of that court, in overruling the appellant's motion for a set-off of judgments, sustained by any sufficient legal evidence? We think it was so sustained; and therefore we hold that the motion for a new trial, for the causes assigned therein, was correctly overruled.

3. The overruling of an objection to the introduction and admission of evidence, if erroneous, is an error of law occurring at the trial, and, if excepted to, it will constitute a good cause for a new trial, in a motion therefor

addressed to the court below. But, if such ruling is not assigned as a cause for a new trial, as it was not in the appellant's motion in this case, it is very certain, that it can not be assigned as an independent error, for the first time, in this court. *Galvin* v. *The State*, *ex rel.*, etc., 56 Ind. 51, and *Freeze* v. *DePuy*, 57 Ind. 188.

We find no error in the record of this cause, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.