PEOPLE EX REL. JOHN M. WELLS AND TINDAL H. CALAM
v. THE CIRCUIT JUDGE FOR ST. JOSEPH COUNTY.

*Motion for offset of judgment.*

Mandamus does not lie to review the discretion of a circuit judge
in refusing a motion to allow one judgment to be set off against
another.

MANDAMUS.   Submitted June 4.   Decided June 11.

*John B. Shipman* for the writ.

*H. H. Riley* against.

PER CURIAM.   Motion is made for a mandamus to
compel the judge below to allow a set-off of one judg-
ment against another, which he refused on account of a
dispute as to rights of an attorney and assignee.

It is very well worth considering whether the stat-
ute regulating set-off of executions may not have in some
respects interfered with the power to set-off judgments
on motion.   But it is not necessary to determine this
because the case before us does not require it.

It is well settled that the power of courts to set off
judgments on motion and not in a regular judicial pro-
ceeding is subject to a much broader discretion than
would be admissible in a suit for the same purpose, and
that a set-off may be denied on motion which might be
enforced by a regular action.   In *Simson v. Hart,* 14
Johns., 63, which is a leading case, it was held that the
denial of a set-off by motion was not subject to review
and was not *res judicata* and was no bar to a bill in
equity.   The doctrine has been very fully discussed since,
and the discretionary character of the proceeding pointed
out in *Purchase v. Bellows,* 16 Abb. Pr., 105; *Nicoll
v. Nicoll,* 16 Wend., 446; *Martin v. Kanouse,* 9 Abb.
Pr., 370; *Smith v. Lowden,* 1 Sandf. S. C., 696; *Gihon
v. Fryatt,* 2 Sandf. S. C., 638.

The case of *Nicoll v. Nicoll* was not unlike the present one, and seems to have been followed by the circuit judge.

But we cannot properly review his discretion by *mandamus*.

The writ must be denied with costs.