## EAGLE *v.* ROSS ET AL.

JUDGMENT.—*Assignment of, on Justice's Docket.*—*Attestation after Death of Judgment Plaintiff.*—After the death of the plaintiff in a judgment rendered by a justice of the peace, the justice has no power to attest an assignment of such judgment, made by the judgment plaintiff, but not attested, in his lifetime.

SAME.—*Rights of Assignee only Equitable.*—An assignee, under such circumstances, takes only an equitable title to the judgment.

SAME.—*Note Sued by Owner in Name of Another.*—*Evidence.*—*Attorney.*— An assignee, claiming by delivery merely, of a promissory note, obtained judgment thereon, before a justice of the peace, in the name, but without the knowledge, of one to whom, by the endorsements on the back of the note, it appeared to belong, such assignee appearing as the attorney of record. Such judgment having been subsequently assigned by the judgment plaintiff, without the attestation of the justice, to a third person, and such assignment having been attested by the justice, over the protest of such attorney, after the death of the judgment plaintiff, the assignee of

Eagle *v.* Ross *et al.*

the judgment sued such attorney for the proceeds of such judgment, which the defendant had received from the justice, and receipted for both as attorney and in his own right as owner.

*Held*, there being some evidence that the plaintiff had purchased the judgment with notice of the defendant's rights, that evidence was competent for the defendant, to establish his ownership of the note when it was sued on.

From the Wabash Circuit Court.

*A. Taylor* and *F. M. Eagle*, for appellant.

*W. G. Sayre*, for appellees.

NIBLACK, J.—The leading facts of this case may be briefly stated as follows:

On the 20th day of February, A. D. 1873, James Daywalt and Levi P. Dollison executed their promissory note to one Arthur Brubaker, for the sum of sixty dollars, with ten per cent. interest after maturity, payable nine months after date. On the 11th day of April, 1874, this note came into the hands of the appellant, Francis M. Eagle, who, on the 8th day of August, 1874, left it with one John Tudor, a justice of the peace, to have suit instituted upon it. At that time the note had the following endorsements upon it:

"Rec'd on this note $20.00, February 14th, 1874."

"Pay to John H. Baker, Arthur Brubaker."

The name "J. H. Baker" had been written across the back of the note just below that of Brubaker, but pen marks had been drawn across this name, as if to cancel it. Eagle, who was a practising attorney, and appeared as such for the plaintiff, directed the justice to issue the summons and take judgment in the name of John H. Baker as plaintiff, and on the 11th day of August, 1874, judgment was rendered by the justice against Daywalt and Dollison, in favor of John H. Baker, for the balance due upon the note. Sometime in January, 1875, after the time for the stay of execution had expired, Tudor, the justice, told John H. Baker, a resident of his vicinity, and the person whom he supposed to be the assignee, as above

stated, of the note sued on, that there was a judgment in his, Baker's, name, on his, the justice's, docket. Baker seemed surprised and afterward went and saw the judgment. On the 23d day of January, 1875, which was perhaps two or three days after he had thus seen the judgment, Baker returned to the justice's office, in company with Thomas Mote, one of the appellees, and by a writing on the face of it executed an assignment of the judgment, as follows:

"For value received I assign the within judgment to Ross and Mote.                    J. H. BAKER."

Up to the time of this assignment no one had, within the knowledge of the justice, exercised any control over the judgment, except Eagle. After the assignment he still insisted upon his right to control the judgment, upon the ground that he was the real owner of it. On the 18th day of March, 1875, Edward S. Ross, the other appellee, came into the justice's office, Eagle being also at the time in the office, and told Eagle that Baker was dead, reminding the justice at the same time, that he, the justice, had never attested the assignment above set out, and requesting him to attest the assignment then. Eagle protested against this request, but the justice nevertheless wrote the words "Attest: John Tudor, J. P.," under the assignment, Baker being at the time dead, and never having requested the justice to attest such assignment. On the 24th day of March, 1875, the judgment having in the meantime been paid in full to the justice, Eagle received of the justice the amount collected upon the judgment, and endorsed upon the docket entry of the judgment as follows: "Rec'd satisfaction of this judgment in full. John H. Baker, by Francis M. Eagle, his attorney, and who is the real owner of this judgment. Francis M. Eagle."

This action was commenced before a justice of the peace,

by the appellees, Ross and Mote, against the appellant, Eagle, to recover the proceeds of the judgment thus received by Eagle.

The complaint. was in three paragraphs. The first was for money had and received. The second for money collected by the appellant, as attorney for the appellees, upon the judgment. The third for money collected upon the judgment by the appellant, as attorney for John H. Baker, the appellees claiming to be the assignees of the judgment, and thus entitled to the money.

There was a judgment for the appellees, before the justice.

Upon an appeal to the circuit court, the cause was tried by a jury, resulting in a verdict for the appellees, and a judgment against the appellant upon the verdict.

Several questions arising upon the. trial were reserved by proper exceptions, supplemented by a motion for a new trial.

Upon the trial, the appellant offered to show by his own testimony, corroborated in some respects by a memorandum on the stub of a bank check, and by a cancelled bank check, that he had purchased the note of Baker, for the sum of thirty dollars, on the 11th day of April, 1874, and had thus become the owner of the note, before the judgment was rendered upon it.

The appellant also offered to show by the testimony of Dollison, above named, that, before the judgment in question was rendered, Baker told him, Dollison, that he, Baker, had assigned the note, upon which such judgment was afterward rendered, to the appellant.

The appellees objected, in both instances, to the introduction of the testimony thus offered by the appellant, and their objections were sustained by the court.

The cause appears to have been tried upon the theory that the appellant was estopped from showing that, at the

time he took the judgment in the name of Baker, such judgment did not really belong to Baker.

The general rule applicable to personal property, that no one can convey a better title than he himsef has, is particularly applicable to choses in action not governed by the law merchant; that the assignee, in this class of choses in action, takes the chose subject to all the equities attaching to it in the hands of the assignor, is now too well settled to admit of controversy. *Sims* v. *Wilson,* 47 Ind. 226.

A judgment being, for most purposes, a new debt, and having been made assignable by statute, stands, as regards what an assignee of it takes, on the same footing as an ordinary chose in action not governed by the law merchant.

The mere fact that a promissory note purports to be payable to the holder of it is *prima facie,* but not conclusive, evidence of ownership of the note. *Sims* v. *Wilson, supra.*

The same rule, we think, applies to judgments, so far as they may be classed as another form of indebtedness. Freeman on Judgments, sec. 418, and authorities there cited.

In the case before us, the attestation of the assignment of the judgment by Baker to the appellees, not having been made as a part of the *res gestæ* nor until after the death of Baker, was a nullity. Bouvier Law Dict., title " Attestation ; " 1 Greenl. Ev., sec. 569*a.*

Such attestation, to have been valid, must have been with, at least, the assent of Baker, either express or implied, and such assent, if it had been given, could not have extended beyond Baker's lifetime. The appellees did not, therefore, acquire more than an equitable interest in the judgment by the assignment, such assignment not being complete without attestation. 2 R. S. 1876, p. 351, sec. 1.

Evidence was admitted upon the trial, tending to show that Baker had told Dollison that he had let Eagle have the note upon which the judgment was taken, and tending also to show that the appellees, before they took the assignment of the judgment, had sufficient notice of the appellant's claim of ownership of the judgment, to put them fairly upon their inquiry as to who was the real owner.

The contest between the parties having been as to which had the superior equity in the judgment in dispute, we are of the opinion that, under all the circumstances attending the trial, the court erred in excluding the testimony offered by the appellant, as above set forth.

The judgment is reversed, with costs, and the cause remanded for a new trial.