## LAMMERS v. GOODEMAN ET AL.

SET-OFF.—*Judgments.—Assignment.*—Where G. at the time he obtains a judgment against L. is indebted to the latter in a sum greater than the amount of such judgment, and where, during the pendency of an action by L. to recover such indebtedness, G. assigns his judgment to C. who has knowledge of such indebtedness, and subsequently L. obtains judgment against G. thereon, said L. is entitled to have satisfaction of the judgment against him, by having the amount thereof credited on his judgment against G.

SAME —*Equities.—Law Merchant.*—In such case C. took the assignment of the judgment from G. subject to any equities against it, just as he would have taken an assignment of any other evidence of debt not governed by the law merchant.

From the Ripley Circuit Court.

*W. D. Willson, C. H. Willson, J. L. McMaster* and *A. Boice,* for appellant.

*J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellees.

SCOTT, J.—Lammers, on the 13th day of September, 1877, filed in the circuit court the following complaint against Goodeman and Cravens :

" The plaintiff complains of the defendants and says, that on the 17th day of February, 1877, in this court, the defendant William Goodeman recovered a judgment against the plaintiff for fifty-eight dollars and seven cents principal, and thirty-eight dollars costs, which judgment is

Lammers *v.* Goodeman *et al.*

found in order book 'W,' page 275, of the records of this court, which judgment was by said Goodeman assigned to the defendant Cravens on the 3d day of April, 1877, which assignment is upon the record where said judgment is entered; that at the time of the rend''ion of said judgment, and at the time of the assignment of the same, the defendant Goodeman was and still is indebted to this plaintiff in the sum of four hundred and eighty-seven dollars and twenty-two cents, for goods sold and delivered by plaintiff to defendant Goodeman, money paid by plaintiff at his, defendant Goodeman's, instance and request, as per bill of particulars attached hereto, which defendant Cravens at the time of said assignment of said judgment well knew; that, for such indebtedness, the plaintiff, on the 5th day of March, 1877, commenced an action in this court for such indebtedness, and on the 3d day of May, 1877, said plaintiff, in said action, recovered a judgment against said Goodeman for the sum of four hundred and eighty-seven dollars and twenty-two cents, and —— dollars costs in said suit expended, which judgment was duly rendered and given, and is now unsatisfied, not appealed from, wholly unpaid and due. Wherefore said plaintiff demands that said judgments may be set off against each other by crediting the amount of said judgment against the plaintiff upon the judgment in his favor, and satisfying said judgment against the plaintiff, and for costs and general relief."

There was a demurrer by both the defendants for the want of facts. The demurrer was sustained and exception entered. Judgment for the defendants, and against the plaintiff, for costs.

The only question is whether the plaintiff was entitled to have the judgment set off under the facts stated in the complaint?

We are of the opinion that the appellant was entitled to have the judgment set off by satisfaction of the judgment

against him, and by having his judgment against Goodeman credited with the amount of Goodeman's judgment against him. Cravens took the assignment of the judgment from Goodeman subject to any equities against it, just as he would have taken an assignment of any other evidence of debt not governed by the law merchant. *Harper* v. *Keys*, 54 Ind. 510; *Eagle* v. *Ross*, 67 Ind. 110.

The judgment is reversed, with costs; cause remanded, with instructions to the circuit court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.