# PRACTICE REPORTS.

## SUPREME COURT.

LAWRENCE ENNIS agt. LAWRENCE A. CURRY and others.

*Attorney's lien — Set-off of judgment — Code of Civil Procedure, section 66.*

The plaintiff, having recovered judgment in an action brought by him against defendant Curry, and having been beaten in another action against Curry, with judgment against him for costs, brought this action to compel a set-off of one judgment against the other, the first with interest, being large enough to extinguish the second; and Curry's attorneys thereupon interposing their lien:

*Held,* that the statutes regulating set-offs, under which it has been decided that in an action like the present the lien of attorneys must yield to the right of set-off, having been repealed, section 66 of the Code may be invoked by the attorneys to uphold their lien.

*Special Term, March,* 1881.

*L. B. Bunnell,* for plaintiff.

*Alfred Frost,* for defendant Wilder.

VAN VORST, *J.*— This is an action on the equity side to set-off one judgment against another. Plaintiff, in July, 1877, recovered against the defendant Curry a judgment for $171.61 in a district court.

Afterwards, in another action brought by plaintiff against the same defendant, in the court of common pleas, judgment was recovered against plaintiff by Curry for $175.90, costs of the action. It is this latter judgment for costs which the plaintiff now seeks to set-off against the former.

The defendant Wilder was one of the attorneys for the

defendant Curry in the action in the court of common pleas, and rendered all the professional services incident to the successful defense of that action.

In answer to the plaintiff's claim, the attorneys, who are made parties defendant in this action, interpose a lien in their favor upon the judgment for costs.

That they have such lien was determined by the court of common pleas in a proceeding instituted to establish it, and they were authorized to issue an execution and collect the judgment. This I should suppose was of itself a good answer to this action. But as the subject of the attorney's lien has been discussed by the parties, it is presented for decision, and the case demands that it should be disposed of.

The lien of the attorney, upon a judgment recovered by his client, for services and expenses in the action has been long recognized by the courts. But it has been decided that whenever the right of set-off is sought to be enforced by action, and not through a motion, the lien of the attorney must yield to the statutory right of set-off (*Hovey* agt. *Rubber Tip Pencil Co.*, 14 *Abb. P. R.* [*N. S.*], 66, *and cases cited*).

The statutes regulating the right of set-off, upon which these decisions rest, both in equity and at law, are 2 Revised Statutes, 354, section 18; Id., 174, section 40.

But these statutes have been repealed (*Session Laws of* 1877, *chap.* 407, *p.* 468), the provisions of the Code in regard to "counter-claims" taking the place of the statutory set-off (*Code, secs.* 500, 501, *and note to latter section, Bliss' Code*). The statutes having been repealed, there is no good reason why the attorney's lien should be defeated when the end is sought to be reached in an action, when it could not be secured on a motion.

Section 66 of the Code of Civil Procedure bears upon the question, and although the judgment in favor of the defendant Curry against the plaintiff is for costs only, and is not within the precise words of that section, yet I think it is within its spirit and equity, and may be invoked by the

attorneys to uphold their lien against the plaintiff's claim in this action (*Ennis* agt. *Curry*, 22 *Hun*, 584). The result reached is that the plaintiff's complaint should be dismissed upon the merits, with costs.