No. 10,207.

PUETT ET AL. *v.* BEARD ET AL.

ATTORNEYS.—*Lien for Fees.—Set-Off of Judgments.*—An attorney taking a lien for services in procuring a judgment (R. S. 1881, sec. 5276,) acquires a right superior in equity to the right of the judgment debtor to set off a judgment held by him by assignment, against the client, and as against the attorney such set-off will not be allowed.

SET-OFF.—*Judgment.—Exemption.*—Where one who is entitled to claim property as exempt from execution has no property save a judgment for less than the amount exempt by statute, the judgment defendant will not be permitted to satisfy it by set-off of a judgment against him.

SAME.—*Champerty.*—One who advances money to a suitor to maintain an action in which the former has no interest, upon an agreement to receive satisfaction by a transfer of the judgment obtained, is guilty of champerty, and an assignment accordingly will be subject to the right of the judgment debtor to set off a judgment held by him at the time against the assignor.

SAME.—*Practice.—Pleading.*—Judgments may be set off against each other by motion; but where formal pleadings are resorted to without objection, they may properly be tested by demurrer, as in ordinary causes.

SAME.—*Judgments on Contract and in Tort.*—A judgment founded upon contract may be set off against one arising out of a tort.

From the Montgomery Circuit Court.

*W. H. Thompson* and *J. M. Thompson,* for appellants.

*A. D. Thomas, J. W. Shelton* and *J. R. Courtney,* for appellees.

ELLIOTT, J.—The complaint of the appellants alleges that they are the owners, by assignment, of several judgments against Jacob Beard; that Beard has a judgment against them, and that they were entitled to have the judgments owned by them set off against that obtained against them by him.

The appellees severed in their answers, and the case has three distinct branches, the questions in each being different. We shall first consider the questions presented by the answers of Thomas, Shelton and Courtney. The substance of their answers is, that they were the attorneys of Jacob Beard, and as such obtained his judgment against appellants for an assault and battery committed upon him; that their services were of the aggregate value of $335; and that at the time of the rendition and entry of the judgment they filed liens according to law.

The question which these answers present is, whether the lien of an attorney for services rendered in the action which results in the judgment sought to be discharged by setting off judgments against the client, is superior to the rights of the judgment defendants vested in them by judgments acquired by assignment. We feel no hesitation in declaring that the attorneys have the better and senior right. Their services secured the judgment for their client, and upon the principle which gives a mechanic who manufactures an article a paramount right, they should receive their reward. It is no fanciful analogy that likens the rights of an attorney to such cases, for, in a limited sense, his services create his client's judgment. Considerations of public policy require such a result. If a man is overburdened with debt, as John Beard was, and is grievously beaten, as Beard was, he might be utterly unable to secure the services of an attorney to prosecute his action, and thus the wrong-doer escape civil responsibility, and a legal right go unredressed. It is not here a question of ethics but of law; it is not a question as to whether an attorney should, for the honor of his profession, stand for a suitor without reward; the question is one of right, for, by our law, an attorney is entitled to just compensation for his services and a lien for its security.

As our statute gives a lien upon the judgment recovered, and provides how it shall be created, we are not perplexed by the conflict of authority as to the right to hold a lien, but are

to follow the cases which recognize the right to a lien and determine the rights of the lienors against contesting claimants. It is held by the English courts, which concede the right to a lien, that the claim of the attorney is paramount to that of one holding a counter-claim against the client. *Mitchell* v. *Oldfield*, 4 T. R. 123; *Morland* v. *Lashley*, 2 H. Bl. 441; *Randle* v. *Fuller*, 6 T. R. 456; *Middleton* v. *Hill*, 1 Maule & S. 240. It is generally agreed, both here and in England, that a solicitor has a lien for his costs upon a fund recovered by his aid, paramount to that of the persons interested in the fund or those claiming as their creditors. *Barker* v. *St. Quintin*, 12 Mees. & W. 441; *Vaughan* v. *Davies*, 2 H. Bl. 440; *Wylie* v. *Coxe*, 15 How. 415; *Stratton* v. *Hussey*, 62 Maine, 286; *Andrews* v. *Morse*, 12 Conn. 444. The reason for this rule is that the services of the solicitor have, in a certain sense, created the fund, and he ought in good conscience to be protected.

The right, as against an attorney, to set off one judgment against another is said by some of the cases to be confined to such a set-off as would constitute a defence to the action wherein the judgment was recovered, and this rule would defeat the appellants, for it is quite clear that they could not have set off their claims against the action of Beard for the assault and battery committed upon him. *Carter* v. *Bennett*, 6 Florida, 214; *Calvert* v. *Coxe*, 1 Gill, 95.

There is still another reason why the appellees should prevail. The right to set off one judgment against another is purely equitable, and allowed only where good conscience requires it, and good conscience is far from requiring that an attorney's claim for services in securing the judgment should yield to the claim of those holding rights adverse to their clients, under assigned judgments. *Simpson* v. *Lamb*, 7 El. & B. 84. It is upon this general principle that those cases proceed, and among them our own, which hold that the judgment creditor can not, by anything he may do, defeat

the attorney's lien. *De Figaniere* v. *Young,* 2 Rob. (N. Y.) 670; *Martin* v. *Kanouse,* 17 How. Pr. 146; *Dunning* v. *Galloway,* 47 Ind. 182; *McCabe* v. *Britton,* 79 Ind. 224. In *Johnson* v. *Ballard,* 44 Ind. 270, the court said, in speaking of our statute: "This statute was intended to secure to attorneys pay for their labor," and held that, although the attorney had notice of an intended set-off, the lien was superior. More directly in point is the case *Adams* v. *Lee,* 82 Ind. 587. It is held, in *Smith* v. *Lowden,* 1 Sandf. 696, *Gihon* v. *Fryatt,* 2 Sandf. 638, and *Purchase* v. *Bellows,* 16 Abb. Pr. 105, that the costs of the attorney will prevail against a motion to set off judgments, and, as the right to fees is by statute made a legal right, the same rule must apply as to them. It is so applied in the cases of *Ennis* v. *Curry,* 61 How. Pr. 1, and *Ennis* v. *Curry,* 22 Hun, 584, which are fully in point. The cases .therein referred to, and which seem to hold otherwise, were not founded on a statute creating a legal lien and conferring a legal right, but were founded on a line of cases which held the attorney's right to be an equitable one, existing only in the discretion of the court, and, therefore, inferior to a legal right.

The answer of Jacob Beard presents very different questions from those we have discussed. He avers that the judgment in his favor was recovered for an assault and battery committed upon his person; that he is a resident householder, and entitled to an exemption of $300; that the judgments assigned to the appellants were rendered upon contracts; that his interest in the judgment against the appellants was of less value than $300; and that he has no other property. It is argued by his counsel that if the judgments against him are set off against his interest in the judgment in his favor, he will be deprived of the benefit of his exemption, and that this the law will not permit. It is held in *Temple* v. *Scott,* 3 Minn. 419, by a divided court, that the right of set-off will prevail in such a case as this; but the opinion assumes, what is almost universally denied, that the statute of exemption is to

be strictly construed, and, starting from this erroneous premise, it is not strange that a wrong conclusion was reached. Our court has, in consonance with the decided weight of authority, held that the statute is to be liberally construed. *Gregory* v. *Latchem*, 53 Ind. 449. A liberal construction of the statute would lead to a different result from that reached in *Temple* v. *Scott, supra,* and Judge Thompson has shown, by arguments which seem to us unanswerable, that the entire reasoning of the Minnesota court is unsound. Thompson Homestead & Exemp. 893. Two cases are cited by this author sustaining his view that the right of set-off does not exist, *Curlee* v. *Thomas*, 74 N. C. 51; *Wilson* v. *McElroy*, 32 Pa. St. 82, and to these may be added *Duff* v. *Wells*, 7 Heisk. 17. We have seen that the rule is, that the right to set off one judgment against another will not be allowed where it is against good conscience; and to us it seems clear that it would be against conscience to take from an impoverished debtor all means of supporting himself and his family. To permit the appellants to make good their claim would, according to the confessed averments of the answer, take from the debtor all he has, and this can not be done without, as the Supreme Court of Pennsylvania says, resulting "in a palpable evasion of the humane provisions of the act of Assembly."

The answer of Olivia Beard brings before us questions altogether different from those we have considered and decided. It is alleged in her answer, that, prior to the rendition of the judgment in Jacob Beard's favor, she had supplied him with money with which to conduct his action, and that in consideration of this he had agreed to assign to her whatever judgment he might recover, and did, pursuant to his agreement, assign the judgment rendered against the appellants as soon as it was recovered.

One of the questions presented is, whether a judgment obtained for a breach of contract can be set off against a judgment for damages resulting from the commission of a tort.

We regard it as plain upon principle, as well as authority, that there may be a set-off in such cases. The reason of the rule prohibiting the allowance of set-off in actions *ex delicto* does not apply to cases where all questions are settled by the judgment, and nothing remains of the original act for investigation or decision. But the question is so well settled that discussion would be out of place. Waterman Set-Off (2d ed.), section 344; 2 Hill. Torts, 270.

The answer shows that the agreement to assign was made before the judgment was recovered, and, of course, when no judgment was in existence. An agreement to assign a judgment to be recovered in an action for a personal tort, in consideration of the advancement of money for the sole purpose of waging the litigation, by one who has no interest in the party plaintiff or the subject-matter of the action, is champertous, and can not confer any rights as against the judgment debtor having valid claims against the judgment plaintiff. It is quite certain that Olivia Beard could not have acquired by assignment any right of action for the tort committed on Jacob Beard, for such a right of action can not be assigned.

The claim of Olivia Beard is not put upon the ground that the judgment was assigned to her before the appellants acquired their judgments, but solely upon the ground that the previous agreement by her gave her a prior right. But that agreement, as we have seen, was not a valid one, and upon an illegal agreement no rights can be grounded.

We need not enquire what the rule would be in the case of a wife assisting her husband to wage a litigation against one who had inflicted personal injuries upon her husband, for, so far as the record before us shows, Olivia and Jacob Beard were not related.

An assignee of a judgment secures no greater rights than his assignor could transfer, and Olivia Beard, therefore, took the assignment of the judgment subject to the rights of the

appellants existing at the time of the assignment, against her assignor.    *Robeson* v. *Roberts*, 20 Ind. 155.

It is said by appellees' counsel that pleadings were unnecessary, and that, therefore, the rulings upon them are immaterial.    The practice in a proceeding to set off one judgment against another is not prescribed by any statute, nor is the right to order it done conferred upon the courts by any legislative enactment; but the courts possess the authority, as they do many other powers, in virtue of their general equitable authority over officers and suitors, and as one of the inherent judicial powers which are necessary to the existence of a court.    Freeman Judg. (3d ed.), sec. 467, *a*.    The method of procedure is generally by motion, although some of the cases declare that it should be by bill or complaint, and others that it may be either by motion or by complaint.    In *Lammers* .v. *Goodeman*, 69 Ind. 76, a proceeding by complaint was recognized as a proper one, and in *McAllister* v. *Willey*, 60 Ind. 195, it was held that where parties in the trial court resort to pleadings without objection, none can be made in this court. We can see no reason why parties may not, if they elect to do so, put the facts on record in the form of pleadings rather than in the shape of evidence, and thus secure the judgment of the court upon the matters of law arising out of the facts.    Such a practice has the great advantage of making the records much less cumbersome, and of presenting the law questions much more distinctly and clearly than the practice which carries the entire evidence into the record.

The interests of the parties being separate, and the questions different, the case is one where it is proper to affirm as to some of the appellees and reverse as to others; and we, therefore, affirm the judgment as to all of the appellees except Olivia Beard.    As to her the judgment must be and is reversed.