No. 9738.

## COSGROVE ET AL. *v.* COSBY.

BILL OF EXCEPTIONS.—*Evidence.*—*Omission.*—*Supreme Court.*—*Verdict.*—A bill of exceptions, purporting to contain all the evidence, which omits documents which it states were in evidence, and does not designate them for insertion as the statute, R. S. 1881, section 626, requires, is not sufficient to present to the Supreme Court the question whether the verdict or finding was supported by sufficient evidence.

SAME.—*Exception.*—*Record.*—An exception to the admission of evidence, the record failing to show what objection was stated, is not available in the Supreme Court.

BANKRUPTCY.—*Set-Off.*—*Judgment.*—The discharge in bankruptcy of one of two joint judgment debtors transforms the debt in equity into a several one against the other, so that an assignee may make it a set-off against a judgment held by the other against him, and thus obtain satisfaction of the latter judgment.

SET-OFF.—*Equity.*—Whenever it is necessary to effect a clear equity or avoid irremediable injustice, set-off will be allowed though the debts be not mutual.

From the Daviess Circuit Court.

*J. W. Burton,* for appellants.

*W. D. Bynum* and *A. T. Beck,* for appellee.

BICKNELL, C. C.—This was a motion to offset judgments;

it was commenced before a justice of the peace and appealed to the circuit court. In the circuit court it became, by amendment, a complaint by James Cosby against James Cosgrove, Hagerman Tripp, Francis A. Brougher, John A. Craig, Jonathan Jones and Hiram Hyatt. It alleged that, on January 15th, 1878, Tripp, Brougher, Craig and Jones recovered a judgment against James Cosgrove and William Trantor for $250.04, and, on April 29th, 1880, assigned $60 thereof to the plaintiff; that, in 1878, said William Trantor was duly adjudged to be a bankrupt; that, on December 12th, 1879, said Cosgrove recovered a judgment against the plaintiff for $56.43. Tripp, Brougher, Craig and Jones were made defendants to answer as to their interests; Hyatt was made a defendant on his own petition.

The complaint prayed that the judgment against Cosgrove and Trantor, to the extent of the $60 thereof thus assigned to the plaintiff, should be offset against said judgment held by Cosgrove against the plaintiff for $56.43. A demurrer to this complaint, for want of facts, was overruled. The defendants Tripp, Brougher, Craig and Jones answered that they had no longer any interest in that part of the judgment by them assigned as aforesaid. The defendant Cosgrove answered in denial. The defendant Hyatt filed a cross complaint, claiming that he owned said judgment in favor of Cosgrove against the plaintiff, by purchase from Cosgrove before the plaintiff took his partial assignment of the judgment against Cosgrove and Trantor, and before the commencement of this suit.

The plaintiff answered this cross complaint by a denial; the defendant Cosgrove answered the same, admitting the facts alleged therein. The issues were tried by the court, who found that, on January 15th, 1878, Tripp and others recovered a judgment against Cosgrove and Trantor for $256.04, and, on April 29th, 1880, assigned $60 of it to Cosby; that, on December 12th, 1879, Cosgrove recovered a judgment against Cosby for $56.43, and, on May 1st, 1880, assigned it to Hyatt,

and that said judgment is subject to be offset against that part of the judgment against Cosgrove and Trantor assigned to Cosby as aforesaid.

The court rendered judgment on the finding, and that said judgment for $56.43 be declared satisfied, and that the portion of the judgment assigned to said Cosby be credited as of December 12th, 1879, with the sum of $56.43, and that the plaintiff recover of Cosgrove his costs. There was no exception taken to this judgment, and no motion was made to modify it.

The defendants Cosgrove and Hyatt moved for a new trial, alleging the following reasons:

1. The finding and decision are not sustained by sufficient evidence.

2. The finding and decision are contrary to law.

3. Error of the court on the trial in admitting in evidence the judgment of Tripp and others against Cosgrove and Trantor, and in admitting in evidence the assignment of $60 thereof to the plaintiff.

This motion was overruled. Cosgrove and Hyatt appealed from the judgment. The errors assigned are overruling the demurrer to the complaint, and overruling the motion for a new trial.

As to the motion for a new trial the appellee claims that no question is presented thereby, because there is no proper bill of exceptions. There is a paper purporting to be a bill of exceptions, which is signed by the judge, and contains the statement, "This was all the evidence given in the cause;" but it shows that documentary evidence was given which is not in the alleged bill, and for which no place is designated by the judge. Upon this subject the following is the language of the court in *Irwin* v. *Smith*, 72 Ind. 482, 489: "In *Mills* v. *Simmonds*, 10 Ind. 464, it is held that, under the practice prevailing" formerly, "the instruments could only be made

part of the record by being copied into the bill. The code provides a more liberal rule, but it does not relax the old rule any farther than to allow instruments to be copied into the record by the clerk in cases where they are properly referred to, and the proper place for their insertion designated by the words 'here insert.' The right to have instruments embodied in the bill without being actually copied therein, before the bill is signed, depends entirely upon this statutory provision. If it were not for this provision, they could be brought into the record" by bill of exceptions "only by being copied at full length into the bill before the signature of the judge was affixed. The statute expressly provides the method in which instruments may be carried into the record without being actually copied, and we have no authority to declare that it may be done in any other. There is no room for construction, for the language of the statute is plain. The instrument must either be copied, or it must be designated, and the place for its insertion indicated by the words 'here insert.'" In the subsequent case of *Clay* v. *Clark*, 76 Ind. 161, the preceding case was cited as authority, and the court said: "In order that written instruments shall constitute a part of the bill of exceptions, they must either be copied into it at full length, before it is signed by the judge, or appropriately referred to, and the proper place for insertion designated by the words 'here insert.'"

In the case at bar the alleged bill of exceptions states that certain instruments were read in evidence, but they are not copied in the alleged bill, nor are they referred to with a place of insertion designated, as the code requires. The instruments referred to were judgments. They are not written instruments within the meaning of the statute requiring copies of written instruments to be set out. *Lytle* v. *Lytle*, 37 Ind. 281. Therefore, they constituted no part of the complaint. *Excelsior, etc., Co.* v. *Brown*, 38 Ind. 384.

There being no proper bill of exceptions, the questions pre-

sented by the motion for a new trial are not properly before us.  *Sidener* v. *Davis,* 69 Ind. 336, 342.   Even if the bill of exceptions were right, no notice could be taken of the alleged error in admitting in evidence the judgment of *Tripp and others* v. *Cosgrove and Trantor,* because, although an objection is shown to the admission of said judgment, yet no reasons for such objection are stated.   *Fisher* v. *Allison,* 46 Ind. 593. There was no error in overruling the demurrer to the com-- plaint.   *Brooks* v. *Harris,* 41 Ind. 390; *Hill* v. *Brinkley,* 10 Ind. 102; *McAllister* v. *Willey,* 60 Ind. 195.

It alleged that Trantor had been declared a bankrupt, and that no execution could issue against his property.   The judg-- ment, therefore, against Cosgrove and Trantor had become substantially the debt of Cosgrove alone.   He only was bound to pay the whole of it, and that part of it assigned to Cosby was a proper subject of equitable set-off against the judgment held by Cosgrove against Cosby.

" Whenever it is necessary to effect a clear equity, or to prevent irremediable injustice, the set-off will be allowed, though the debts are not mutual.   *   *   *   In cases of in-- solvency, or of joint credit given on account of individual in-- debtedness, or where the joint debt is a mere security for the separate debt of the principal, the equity is obvious, and the set-off will be allowed."   *Brewer* v. *Norcross,* 17 N. J. Eq. 219.   The authority of this case was recognized by this court in *Carter* v. *Compton,* 79 Ind. 37.   See also, *Keightley* v. *Walls,* 27 Ind. 384; *Lindsay* v. *Jackson,* 2 Paige, 581.   The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.